## BENNETT *v*. CITY OF ROYAL OAK SCHOOL DISTRICT.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE—APPEAL OF
   DECISION OF SCHOOL BOARD.
   The teacher tenure act provides that a teacher who has achieved
   tenure status may appeal any decision of a controlling board
   to the State tenure commission within 30 days from date of
   the decision (CL 1948, § 38.121, as amended by PA 1963,
   No 242).

2. SAME—WORDS AND PHRASES—DECISION.
   "Decision" of a school board, as the word is used in teacher tenure
   act, refers to a final disposition of a case and does not include
   interlocutory rulings which are not decisive of the case (CL
   1948, § 38.121, as amended by PA 1963, No 242).

3. SAME—MOTION TO DISMISS CHARGES—INTERLOCUTORY RULING.
   Denial by a school board of motion to dismiss some of the charges
   against a teacher, without giving any reasons, is an interlocu-
   tory ruling rather than an appealable "decision" (CL 1948,
   § 38.121, as amended by PA 1963, No 242).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Schools § 127 *et seq.*
[2, 3, 9, 10] 47 Am Jur, Schools § 139 *et seq.*
[4] 2 Am Jur 2d, Administrative Law § 595.
[5] 2 Am Jur 2d, Administrative Law § 600 *et seq.*
[6] 2 Am Jur 2d, Administrative Law § 605.
[7] 2 Am Jur 2d, Administrative Law § 583 *et seq.*
[8] 2 Am Jur 2d, Administrative Law § 553 *et seq.*
[11] 5 Am Jur 2d, Appeal and Error § 1009.

4. Administrative Law and Procedure—Exhaustion of Remedy—Judicial Relief—Presumptions.

Administrative procedures must be exhausted before judicial relief is sought, and there is a presumption that the administrative agency, if given a chance to pass upon the matter, will decide it correctly.

5. Same—Exhaustion of Remedies—Groundless Action.

Exhaustion of administrative remedies rule before asking judicial relief cannot be circumvented by asserting that charges being heard by administrative agency are groundless.

6. Same—Inadequate Remedy.

An administrative remedy is not inadequate, so as to authorize judicial intervention before exhaustion of the remedy, merely because it is attended with delay, expense, annoyance, or hardship; there must be something in the nature of the action or proceeding that indicates to the court that it will not be able to protect the rights of the litigants or afford them adequate redress otherwise than through the exercise of extraordinary jurisdiction.

7. Same—Interlocutory Ruling—Appealability.

An interlocutory administrative ruling, although not subject to statutory review when made, may nevertheless be challenged in a proceeding to review an administrative decision based upon it.

8. Appeal and Error—Superintending Control—Extraordinary Writ—Adequate Remedy.

Superintending control is a discretionary writ which should not be issued where another adequate remedy is available.

9. Schools and School Districts—Administrative Procedures—Remedy—Judicial Intervention.

Denial by school board of teacher's motion to dismiss some of the charges against him which is not appealable under the teacher tenure act *held*, not to make his administrative remedy inadequate (CL 1948, § 38.121, as amended by PA 1963, No 242).

10. Same—Teachers—Hearing—Decision in Writing.

A school board conducting a hearing on charges against a teacher is required by statute to make a decision in writing, but it is not required to assign reasons for rulings made in the course of the hearing (CL 1948, § 38.104).

11. COSTS—PUBLIC QUESTION—TEACHER'S APPEAL OF INTERLOCUTORY
 ADMINISTRATIVE RULING.

> No costs are allowed on appeal from an interlocutory admin-
> istrative ruling by school board in hearing on complaint against
> a teacher, a public question being involved.

Appeal from Oakland; Roberts (Farrell E.), J.
Submitted Division 2 November 8, 1967, at Lansing.
(Docket No. 3,496.)  Decided March 26, 1968.  Leave
to appeal denied June 18, 1968.  See 381 Mich 755.

Complaint by William Bennett against the School
District of the City of Royal Oak seeking a writ of
superintending control to compel the board to dis-
miss charges against him.  Complaint dismissed.
Plaintiff appeals.  Affirmed.

*Craig & Fieger,* for plaintiff.

*Patterson & Patterson, Barrett, Whitfield, Mani-*
*koff & White,* for defendant.

T. G. KAVANAGH, P. J.  In October, 1966, the super-
intendent of schools in the city of Royal Oak filed
with the school board charges against plaintiff, a
teacher, and requested his suspension and discharge.
The board suspended plaintiff who then requested a
hearing on the charges, pursuant to the tenure of
teachers act.  CL 1948, § 38.71 *et seq.,* as amended
(Stat Ann 1959 Rev and Stat Ann 1965 Cum Supp
§ 15.1971 *et seq.*).  A hearing was held and the super-
intendent submitted his proofs and rested.  Plaintiff
Bennett thereupon moved for a dismissal of some of
the charges against him on the ground that the
superintendent had failed to establish a prima facie
case as to them.  The board denied the motion with-
out giving any reasons therefor, and ordered Ben-
nett to proceed with his defense.  Rather than so

proceed plaintiff filed a complaint in circuit court seeking a writ of superintending control (GCR 1963, 711) to compel the board to dismiss such charges. The circuit court dismissed plaintiff's complaint, and on leave granted plaintiff appeals.

Article 6 of the tenure act, *supra,* provides:

"A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission." CL 1948, § 38-.121, as amended by PA 1963, No 242 (Stat Ann 1968 Rev § 15.2021).

The word "decision" refers to a final disposition of the case and does not comprehend interlocutory rulings which are not decisive of a case. See *Scola* v. *Director of Division of Employment Security* (1950), 326 Mass 180 (93 NE2d 523). The denial, as opposed to the granting, of a motion to dismiss is palpably interlocutory. We view the board's action as an interlocutory ruling rather than an appealable "decision."

Plaintiff argues that because the ruling of the board is not appealable under the act his administrative remedy is inadequate and thus, he contends, the writ of superintending control should have been issued.

The fact that administrative action may be erroneous does not create any exception to the rule that the statutory administrative procedures must be exhausted before judicial relief is sought. *Holland Furnace Company* v. *Purcell* (DC Mich, 1954), 125 F Supp 74. Nor can the exhaustion rule be circumvented by asserting that the charges are groundless.

"Lawsuits * * * often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." *Myers* v. *Bethlehem Shipbuild-*

*ing Corporation* (1938), 303 US 41, 51, 52 (58 S Ct 459, 464, 82 L Ed 638, 645).

The basis for the doctrine of exhaustion of administrative remedies is the presumption that "the administrative agency, if given a complete chance to pass upon the matter, will decide correctly, and [the doctrine] is at least influenced by the assumption that the agency will not fail in the performance of any duty imposed upon it by the Constitution and other laws." 2 Am Jur 2d, Administrative Law § 595, p 429.

A remedy is not "inadequate" so as to authorize judicial intervention before exhaustion of the remedy merely because it is attended with delay, expense, annoyance, or even some hardship. *State, ex rel. O'Brien,* v. *Police Court of City of Seattle* (1942), 14 Wash 2d 340 (128 P2d 332, 141 ALR 1257); *Rescue Army* v. *Municipal Court of City of Los Angeles* (1946), 28 Cal 2d 460 (171 P2d 8). There must be something in the nature of the action or proceeding that indicates to the court that it will not be able to protect the rights of the litigants or afford them adequate redress otherwise than through the exercise of this extraordinary jurisdiction. An interlocutory administrative ruling such as the one in the case at bar, although not subject to statutory review when made, may nevertheless be challenged in a proceeding to review an administrative decision based upon such ruling.

Superintending control is a discretionary writ which should not be issued where another adequate remedy is available to the petitioner. In our view plaintiff's rights are adequately protected and his statutory remedy is adequate. Accordingly, we hold that the circuit court did not abuse its discretion in denying the writ.

There is no merit to plaintiff's contention that the board was required to assign reasons for denying his motion. The act provides that the hearing be concluded by a *decision* in writing, CL 1948, § 38.104 (Stat Ann 1968 Rev § 15.2004), but it does not require that reasons be given for every ruling it may make during the course of the hearing.

Affirmed. No costs as a public question is involved.

FITZGERALD and McGREGOR, JJ., concurred.