DIEPENHORST v. GENERAL ELECTRIC COMPANY

1. ADMINISTRATIVE LAW—APPEAL AND ERROR—STANDARD OF REVIEW.

Administrative decisions will be affirmed if they are supported by competent, material, and substantial evidence, and the standard of review is not whether the decision was clearly erroneous (Const 1963, art 6, § 28; MCLA § 421.38).

2. ADMINISTRATIVE LAW—MISCONDUCT—SUBSTANTIAL EVIDENCE—UNEMPLOYMENT COMPENSATION.

Administrative determination that an unemployment compensation claimant had been dismissed for misconduct by breaking the rule against fighting and therefore disqualified for benefits was not supported by competent, material, and substantial evidence where the most established by the evidence was that the claimant attempted to defend herself when she was attacked by another employee.

Appeal from Allegan, Chester A. Ray, J. Submitted Division 3 November 10, 1970, at Grand Rapids. (Docket No. 8616.) Decided January 21, 1971.

Billi-Jo Diepenhorst presented her claim for unemployment compensation. Benefits denied by a referee and the appeal board. Plaintiff appealed to circuit court. Benefits denied. Plaintiff appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 553 et seq.
Applicability of stare decisis doctrine to decisions of administrative agencies. 79 ALR2d 1126.
[2] 2 Am Jur 2d, Administrative Law § 621.

*Hoffman & Hoffman,* for plaintiff.

*Frank J. Kelley, Attorney General,* and *Francis W. Edwards,* Assistant Attorney General, for appellee Michigan Employment Security Commission.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

R. B. BURNS, J. The Michigan Employment Security Commission, pursuant to section 29(1)(b) of the employment security act (MCLA 1970 Cum Supp § 421.29 [Stat Ann 1968 Rev § 17.531]), disqualified plaintiff from receiving unemployment compensation after determining that plaintiff was discharged from her employment for misconduct. Reviewing and then affirming the commission's finding the trial court stated:

"We cannot disagree with the finding of the referee and the majority of the appeal board that claimant's conduct constitutes misconduct in connection with her employment for which she was discharged. The referee has the opportunity of hearing and seeing the witnesses as they testify and can therefore give the testimony the weight it deserves in his consideration of the facts. This court should not disturb his finding unless it is clearly contrary to law. *After examining the testimony, and for the reasons we have stated, we cannot say the opinion of the referee was clearly erroneous* and his finding that the claimant came within the meaning of misconduct in section 29(1)(b) of the act is affirmed." (Emphasis supplied).

The standard of review to be employed by the courts when reviewing administrative decisions is not whether the decision was clearly erroneous. In-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stead the courts must determine whether or not the administrative opinion is supported by competent, material and substantial evidence. Const 1963, art 6, § 28; MCLA 1970 Cum Supp § 421.38 (Stat Ann 1968 Rev § 17.540); *Villella* v. *Employment Security Commission* (1969), 16 Mich App 187.

Reviewing the entire record this Court concludes that the misconduct charge is not supported by competent, material and substantial evidence. What constitutes statutory misconduct was clearly stated in *Wickey* v. *Employment Security Commission* (1963), 369 Mich 487, 498:

" ' "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." ' "

It was incumbent upon General Electric to establish by substantial evidence that plaintiff deliberately broke the company rule against fighting. *Fresta* v. *Miller* (1967), 7 Mich App 58. The most that was established by the evidence is that plaintiff attempted to defend herself when she was attacked by another employee.

Reversed. Costs to plaintiff.

All concurred.