## QUIGLEY v DEXTER TOWNSHIP

OPINION OF THE COURT

1. ZONING—PERMITS—STANDARDS—SUFFICIENCY—CONSTITUTIONALITY.

A zoning ordinance which enumerates the standards which must be followed by the zoning board in granting or denying conditional use permits and which requires the board to issue a requested permit if the standards of the ordinance are met is not unconstitutional.

2. ZONING—BOARD OF APPEALS—ERROR OF LAW—REMAND.

Remand of plaintiffs' application for a conditional use permit to defendant zoning board was proper where the board, in denying the permit, erroneously required plaintiffs to prove their case beyond a reasonable doubt rather than by a preponderance of the evidence; the board should be permitted to apply the correct standard in passing upon plaintiffs' application.

3. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—SUPERINTENDING CONTROL.

A writ of superintending control is discretionary and should not be issued when another adequate remedy is available to the petitioner by the exhaustion of remedies before an administrative agency.

CONCURRENCE IN PART AND DISSENT IN PART
BY BRONSON, J.

4. ADMINISTRATIVE LAW—APPEAL AND ERROR—REMAND.

*The legal principle that a commission or agency should have an opportunity to reconsider its decision after an appellate review discloses an error of law in it, is not applicable in every case since a reviewing court has the option to decide for itself or to remand in accord with the concept that parties will not be*

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 196 *et seq.*
[2, 5] 58 Am Jur, Zoning §§ 214, 256, 259.
[3, 6] 58 Am Jur, Zoning § 243 *et seq.*
[4] 2 Am Jur 2d, Administrative Law § 768.

*forced to exhaust their administrative remedies where such a procedure is futile or inadequate.*

5. ZONING—PERMITS—STANDARDS—EVIDENCE.

*The permissibility of plaintiffs' proposed use of their property for a hunting club was conclusively established where a state biologist testified that plaintiffs' fencing techniques met Department of Conservation standards and constituted no danger to surrounding domestic animals; a state veterinarian qualified in animal disease control stated, after inspecting plaintiffs' premises and the health records of imported animals, that the preserve constituted no danger to persons or animals; a state hunter safety training supervisor testified that there was no measurable hazard to persons outside the preserve because of the minimal number of hunts occuring twice a week and that a greater risk of danger was presented by unsupervised hunting upon adjacent state land; and a planning consultant testified that township facilities would not be burdened or affected by the preserve; plaintiffs' uncontroverted evidence not only satisfied the conditions of defendant township's zoning ordinance governing conditional use permits but also was sufficient to satisfy the higher burden of proof of "reasonable doubt" which the defendant zoning board had erroneously imposed upon plaintiffs.*

6. ZONING—ADMINISTRATIVE LAW—ERROR OF LAW—REMAND—SUPERINTENDING CONTROL.

*Plaintiffs should be granted a writ of superintending control to overcome defendant zoning board of appeals' denial of a hunting club permit where the evidence shows that denial of the permit was arbitrary and capricious in that plaintiff had presented overwhelming evidence in favor of its requested use, remand to the board is for the purpose of requiring it to apply the lesser evidentiary standard than plaintiff had already met, and remand would force plaintiffs to commit a useless and futile act and would not provide them with a plain, speedy, and adequate remedy (GCR 1963, 711.2).*

Appeal from Washtenaw, Harold Van Domelen, J. Submitted Division 2 March 8, 1972, at Lansing. (Docket No. 11659.) Decided October 24, 1972. Leave to appeal granted, 389 Mich 780.

Complaint by John J. Quigley and Louis Ruggirello against Dexter Township, the Dexter Township Zoning Board of Appeals, the Dexter Town-

ship Zoning Board, and the Dexter Township Zoning Inspector for a writ of superintending control to compel defendants to issue a conditional use permit for plaintiffs' hunting club. The circuit court held an ordinance provision requiring plaintiffs to prove their case beyond a reasonable doubt invalid and remanded to defendant zoning board for reconsideration. Plaintiffs appeal. Affirmed.

*Ginn & Kramer, P. C.,* and *Nussbaum, McEvoy & Moscow, P. C.,* for plaintiffs.

*Keusch & Flintoft,* for defendants.

Before: LESINSKI, C. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. This case involves the denial by the defendants of a conditional use permit for a hunting club on a piece of rural acreage in Washtenaw County. The plaintiffs purchased the land in question in January of 1969 and began operating it as a hunting club in September of that year.

The land uses in the surrounding areas are composed of state recreational lands, farms, dwellings and a shooting club.

In September of 1969, the enforcement officer of the township served plaintiffs with a notice that the condition of the premises violated § 5.01 of the Dexter Township zoning ordinance.

The plaintiffs submitted an application for a conditional use permit, in accordance with § 5.01 which specifically provides for hunting clubs. Their application was denied by the zoning board and this decision was affirmed by the Zoning Board of Appeals.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The plaintiffs petitioned the Washtenaw Circuit Court to issue a writ of superintending control to overcome this decision.

The circuit court found that § 8.06 of the Dexter Township zoning ordinance, which required an applicant to establish his case beyond a reasonable doubt, was invalid. The court reached this conclusion by holding that the applicant need only prove his case by a preponderance of the evidence. The court also disqualified two members of the zoning board who were directly interested in the outcome. The court then ordered that the case be remanded to the zoning board for reconsideration of the plaintiffs' application in light of its ruling.

From this order, the plaintiffs bring this appeal.

The first contention raised by the plaintiffs is that the ordinance is unconstitutional since it does not contain sufficient standards to regulate the action of the defendants.

The section of the ordinance which is under attack is Article VIII. This provision lays down the following standards which are to be followed in granting or denying permits:

"8.05 Required Findings

"The zoning board shall review the particular circumstances and facts of the proposed use in the light of the following required findings:

"A. That public facilities and services such as highways, fire and police protection, drainage facilities, refuse disposal and schools are adequate for the proposed use or are capable of being adequately provided by the agencies responsible therefor.

"B. That requirements for additional public services and facilities which will be created by the proposed use will not be detrimental to the economic welfare of the community.

"C. That the proposed use, activities, processes, materials and equipment and conditions of operation will

not be detrimental to the public welfare, persons or property by reason of excessive production of traffic, noise, smoke, fumes, glares or objectionable odors.

"D. That liquids and other waste of any kind will be confined, treated or purified so as to prevent pollution of air, water, and soil resources.

"E. That the proposed use at the particular location will be consistent with the intent and purposes of this ordinance."

The ordinance obviously lays down certain standards which the zoning commission must follow. The ultimate question to be decided by this Court is whether these guidelines are sufficient to thwart the present attack.

The courts of this state have decided similar issues involving ordinances similar to the one present in the instant case. In *Florka v Detroit,* 369 Mich 568, 581 (1963), the Supreme Court dealt with an ordinance requirement that the zoning authority determine whether or not the use sought would be injurious to the surrounding neighborhood and whether the use would be contrary to the spirit and purpose of the ordinance.

"Such standards are not inherently vague and uncertain but obviously require the ascertainment of facts and a determination as to whether the application shall be approved in accordance therewith.

\* \* \*

"The case is not one in which no standards were fixed. On the contrary, it is clear that the intent of the ordinance provision was that the commission should ascertain the existence or nonexistence of particular facts justifying the action taken with reference to the approval of the use specified in the application."

In the case at bar, the ordinance does not leave unfettered discretion with the zoning authority

but, on the contrary, requires them to issue a
permit if the conditions are met. This is not an
instance where no standards are made which the
zoning authority must follow. Therefore, *Osius v
St. Clair Shores,* 344 Mich 693 (1956), which is
relied on by the plaintiffs, is not applicable to the
present controversy.

Since we find that the ordinance does contain
sufficient standards, we further find that Article
VIII is constitutional.

The second argument made by the plaintiff is
that the circuit court erred in remanding the case
to the zoning board. We find this argument to be
untenable and reject it for the following reasons.

The circuit court, in reviewing the board's ac-
tion, discovered that the Zoning Board of Appeals
had applied an erroneous standard. The board
required the appellants to prove their case beyond
a reasonable doubt. The circuit court concluded
that this standard applied to criminal cases and
that the appropriate standard to be followed was
"a preponderance of the evidence".

In *Federal Power Commission v Idaho Power Co,*
344 US 17, 20; 73 S Ct 85, 87; 97 L Ed 15, 20 (1952)
the Supreme Court set down the following princi-
ple to be followed when it is shown that the
administrative agency made an error of law.

"But the guiding principle, violated here, is that the
function of the reviewing court ends when an error of
law is laid bare. At that point the matter once more
goes to the commission for reconsideration." See also
*Federal Communications Commission v Pottsville
Broadcasting Co,* 309 US 134; 60 S Ct 437; 84 L Ed 656
[1940].

In the instant case, the defendants did commit
an error of law and we find that the agency should

be permitted to apply the correct standard in passing upon the plaintiffs' application.

The plaintiffs also contend that they will be unable to get a fair hearing due to the present composition of the board. However, the circuit court disqualified the two parties who had a direct interest in the case.

We regret that the plaintiffs must be put to the expense of a second hearing. However, as we stated in *Bennett v Royal Oak School District,* 10 Mich App 265, 269 (1968):

"A remedy is not 'inadequate' so as to authorize judicial intervention before exhaustion of the remedy merely because it is attended with delay, expense, annoyance, or even some hardship."

The writ of superintending control is discretionary and should not be issued when another adequate remedy is available to the petitioner. GCR 1963, 711.2; *Bennett, supra.* We hold that the appellants have an adequate remedy which must be exhausted before seeking the intervention of this court.

Affirmed.

Lesinski, C. J., concurred.

Bronson, J. *(concurring in part and dissenting in part).* The unusual nature of the present case requires my separate opinion. The majority opinion has persuasively disposed of the allegations of error based upon the "reasonable doubt" standard of proof. This opinion, however, fails to provide plaintiffs with the full measure of relief to which they are entitled. Believing that overwhelming evidence is disclosed by the present record to grant

the requested use without injury to the township, I dissent as follows.

The majority relied upon the fundamental principle of law that a commission or agency should be provided with an opportunity to reconsider a matter after an error is laid bare by review, in denying plaintiffs' writ for superintending control. I am in agreement with this principle but find that it is not applicable in every case. In conjunction with the majority's statement regarding administrative law principles, it is said:

"[A]nd in some instances remand has been held unnecessary or the court has been held to have the option to decide for itself or to remand."[1]

This is in accord with the concept that parties will not be forced to exhaust their administrative remedies where such is futile or inadequate.[2]

Complete reliance upon administrative law principles dictating remand must be tempered by the fact that we are confronted with a zoning case rather than review of a purely administrative agency. Although courts are bound by the often-quoted phrase that they are not to become "super zoning boards"[3] they are simultaneously directed to hear zoning appeals *de novo.*[4] It is within the delicate balance of these principles that this case is judged.

Courts are given the authority to grant requested zoning relief when the zoning board's

[1] 2 Am Jur 2d, Administrative Law, § 765, p 665.

[2] 2 Am Jur 2d, Administrative Law, § 605, p 441; Davis, Administrative Law Text, § 20.07, p 367.

[3] *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425 (1957).

[4] *Biske v City of Troy,* 381 Mich 611 (1969); *Bowman v City of Southfield,* 377 Mich 237 (1966); *S.B.S. Builders, Inc v Madison Heights,* 38 Mich App 1 (1972); *House v Bloomfield Hills,* 18 Mich App 184 (1969).

decision is shown to be arbitrary and capricious by a preponderance of the evidence. This issue was raised in *Certain-Teed Products Corp v Paris Twp,* 351 Mich 434 (1958), which involved plaintiff's request to build a gypsum plant in defendant's township. Justice EDWARDS, writing a separate opinion, approved the request for declaratory judgment since plaintiff offered to avoid the detrimental conditions complained of and he stated:

"We cannot find in this record that the township board or the circuit court had before them facts which indicated that petitioner's contemplated plant operation, if built and operated to its represented standards, would offend the standards of the ordinance or be more objectionable than many other industries able to locate in the same district as a matter of right under the local ordinance." *Certain-Teed Products Corp,* p 454.

Justice EDWARDS' opinion constitutes a minority view since the majority did not agree to direct entry of a declaratory judgment authorizing plaintiff to proceed with the mining and manufacture of gypsum. A careful reading of this opinion indicates that the majority wanted a hearing before the trial judge to establish guidelines for plaintiff's business and require it to meet each promise upon penalty of suspension of its use. Since the effect of the majority's actions was to approve plaintiff's building permit pursuant to subsequently imposed standards, it reveals support for the proposition that the Court can grant the requested use when the record contains no contrary findings without a remand to the zoning board for the same decision. Our courts have similarly, and rightly, disposed of appropriate cases in which the zoning authorities' action was unreasonable, capricious and arbitrary. *Faucher v Grosse Ile Twp Building Inspector,* 321

Mich 193 (1948); *Senefsky v Huntington Woods,*
307 Mich 728 (1943).[5]

As I read the record, testimony and exhibits, it
conclusively supports the permissibility of plain-
tiffs' proposed use. Plaintiffs presented expert testi-
mony to satisfy the standards found in § 8.05 of
defendant's ordinance. Plaintiffs, first, presented a
biologist from the Department of Conservation
who testified that their fencing techniques met
department standards and their preserve consti-
tuted no danger to surrounding domestic animals.
An assistant state veterinarian qualified in animal
disease control was next offered by plaintiffs. This
expert witness, after inspecting the premises and
health records of imported animals, concluded that
the preserve constituted no danger to persons or
animals.

Plaintiffs further offered the testimony of Ken-
neth McCord, recently retired from the position of
Law Enforcement Executive and Assistant Super-
visor of Hunter Safety Training for the State of
Michigan. After inspecting the premises and re-
viewing the safety procedures used, he stated that
there was no measurable hazard to persons outside
the preserve and a greater risk of danger was
presented by the unsupervised hunting upon adja-
cent state land. The minimal number of hunts
occurring twice a week was a factor included in
his conclusion that the preserve presented no dan-
ger to the surrounding community. The final wit-
ness offered was a planning consultant who found
that township facilities would not be burdened or
affected by the preserve. This testimony satisfied
the criteria established by § 8.05 of the zoning
ordinance.

The evidence submitted by plaintiffs was uncon-

---

[5] *Cf. Bridges v Gardner,* 368 F2d 86 (CA 5, 1966).

troverted and satisfied the conditions of defendant's ordinance. In fact, this evidence is sufficient to satisfy the higher burden of proof of "reasonable doubt" imposed by the township below. The present case is controlled by Justice EDWARDS' statement that:

> "[T]he members of the township board indicate no factual knowledge to the contrary but a retention of 'doubt' which apparently tipped the scales. We believe this record indicates that appellant's application to the township board received the form, but not the fact, of administrative due process."[6]

In view of the quantum of evidence already produced below, what can be gained by a remand which will be predicated upon the lesser standard of "preponderance of the evidence"? Defendants, like the citizens opposing the proposed use, had the benefit of an opportunity to be heard and to present proofs and of the imposition of a higher burden of proof upon plaintiffs. Plaintiffs' ability to prevail under these circumstances indicates that defendants would have little to present upon remand. Based upon the overwhelming evidence presented, there is no doubt that defendants' denial of the requested use was arbitrary and capricious.

The requested remand will force plaintiffs to commit a useless and futile act. I would grant the request for superintending control pursuant to GCR 1963, 711.2, finding that a remand will not provide plaintiffs a "plain, speedy and adequate remedy".

---

[6] *Certain-Teed Products Corp v Paris Twp,* 351 Mich 434, 451 (1958).