FARMERS STATE BANK OF CONCORD v DEPARTMENT OF
COMMERCE, FINANCIAL INSTITUTIONS BUREAU

1. COURTS—SUPERINTENDING CONTROL—ADMINISTRATIVE AGENCIES—
   COURT RULES.

   Superintending control by a circuit court over inferior tribunals,
   including administrative agencies, is an available remedy only
   if another plain, speedy and adequate remedy is not available
   to the party seeking the order (GCR 1963, 711).

2. COURTS—JUDICIAL REVIEW—ADMINISTRATIVE PROCEDURES ACT—AD-
   MINISTRATIVE AGENCIES—ADEQUATE REMEDIES—STATUTES.

   The Administrative Procedures Act affords an opportunity for
   judicial review of a preliminary, procedural or intermediate
   agency action or ruling where a review of the agency's final
   decision or order would not provide an adequate remedy
   (MCLA 24.301; MSA 3.560[201]).

3. COURTS—SUPERINTENDING CONTROL—COURT'S DISCRETION—ADE-
   QUATE REMEDIES—DELAY—EXPENSE—ANNOYANCE—HARDSHIP.

   An order of superintending control is discretionary and should
   not be issued where another adequate remedy is available; a
   remedy is not "inadequate" merely because it is attended with
   delay, expense, annoyance, or even some hardship.

4. APPEAL AND ERROR—COURTS—JUDICIAL REVIEW—STANDARD—AD-
   MINISTRATIVE ACTION—COMPETENT EVIDENCE—MATERIAL EVI-
   DENCE—SUBSTANTIAL EVIDENCE.

   The proper standard for judicial review of an administrative
   action is whether or not the decision was supported by compe-
   tent, material and substantial evidence on the whole record; a
   court will overturn an administrative decision only where it is
   contrary to law or not supported by the necessary competent,
   material and substantial evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 20 Am Jur 2d, Courts § 111 et seq.
[5] 2 Am Jur 2d, Administrative Law § 621.
    30 Am Jur 2d, Evidence §§ 1163, 1164.
[6, 7] 2 Am Jur 2d, Administrative Law § 621.

5. EVIDENCE—SUBSTANTIAL EVIDENCE—SCINTILLA—PREPONDERANCE.

Substantial evidence means evidence which a reasoning mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.

6. APPEAL AND ERROR—COURTS—JUDICIAL REVIEW—ADMINISTRATIVE DECISIONS—SUBSTANTIAL EVIDENCE—QUALITATIVE EVALUATION —QUANTITATIVE EVALUATION—DE NOVO REVIEW—ADMINISTRATIVE EXPERTISE.

The substantial evidence standard for judicial review of an administrative decision entails a judicial review on the whole record that necessarily entails a degree of qualitative and quantitative evaluation of the evidence considered by the administrative agency, but does not attain the status of a *de novo* review; the review must accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views.

7. APPEAL AND ERROR—ADMINISTRATIVE DETERMINATIONS—SUBSTANTIAL EVIDENCE—CLOSE FINDINGS—DUE DEFERENCE—EVIDENCE OF CHANGES.

There was substantial evidence on the record to support an administrative law judge's order granting another hearing on a bank branch application where (1) the prior administrative findings of no necessity were close, (2) due deference is given to the administrative law judge's findings that significant changes had occurred, and (3) there exists undisputed evidence of changes tending primarily toward a finding of necessity.

Appeal from Ingham, Donald L. Reisig, J. Submitted June 9, 1977, at Lansing. (Docket Nos. 29746, 29747.) Decided August 9, 1977. Leave to appeal applied for.

Complaint by Farmers State Bank of Concord, through its successor, The National Bank of Jackson, against the Department of Commerce, Financial Institutions Bureau, and the Banking Commissioner seeking an order of superintending control barring the Commissioner's consideration of a bank-branch application by intervening-defendant Litchfield State Savings Bank, which application

had twice previously been rejected by the Commissioner. The circuit court denied superintending control and ruled that the third application could be entertained by the Commissioner if there was a change in fact or circumstances from the two previous applications. A hearing on the third application was ordered by an administrative law judge based upon changed circumstances. The Commissioner reviewed this ruling at National Bank's request and affirmed. National Bank again moved in circuit court for an order of superintending control claiming that no changes in circumstances justified a hearing. Superintending control was granted and the hearing on the branch application was denied. Litchfield Bank's motion for a rehearing was denied. The Banking Commissioner and Litchfield Bank appeal. Reversed and vacated.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Jack C. Radcliffe, Jr.),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Robert Ianni,* Assistants Attorney General, for defendant Banking Commissioner.

*Langs, Schatzberg, Patterson & Langs,* for intervening defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. This case presents the question of whether the circuit court properly ordered the Banking Commissioner not to hear and determine defendant Litchfield State Savings Bank's application for permission to establish a branch bank in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Horton, Hanover Township, Jackson County. Defendant Litchfield State Savings Bank (hereinafter Litchfield Bank) has persistently sought approval of its applications for permission to establish a branch bank in the Horton-Hanover area. Plaintiff Farmers State Bank of Concord and its successor, The National Bank of Jackson (hereinafter collectively referred to as National Bank), have consistently opposed these applications. Litchfield Bank's first application made on November 6, 1970, was disapproved by the Banking Commissioner on December 15, 1971. MCLA 487.471; MSA 23.710(171) reads in part:

"(1) With the written approval of the commissioner, any bank may establish and operate a branch or branches within a village or city other than that in which it was originally chartered * * * . The commissioner shall not grant such approval unless he is satisfied as to the sufficiency of the capital and surplus of the bank, the necessity for the establishment of such branch or branches and the prospects of successful operation if established."

The commissioner's 17-page order concluded, "This denial is based upon findings of fact and conclusions of law that the Commissioner is not satisfied as to the necessity for the establishment of such branch".

Litchfield Bank's subsequent application of August 1, 1972, was at first approved but ultimately rejected by the commissioner on September 13, 1974.

Undaunted, Litchfield Bank filed yet a third application on January 23, 1975. Plaintiff National Bank sought to short-circuit the administrative process on this application by means of a motion for superintending control filed in the Ingham

County Circuit Court on February 27, 1975. National Bank asserted that the prior administrative determination of "no necessity" was res judicata barring the third application. In an order dated May 2, 1975, the circuit court agreed that the prior finding was res judicata but denied the motion for superintending control. Instead, the circuit court ruled that the Banking Commissioner could be required to entertain the third application if there was a preliminary finding that there had been "changes in facts or circumstances since the prior application, hearing, and denial * * * ". In other words, a full-scale hearing by the commissioner could be held if Litchfield Bank could make a preliminary showing of changes, otherwise the prior determination by the commissioner was res judicata on the question of necessity.

On October 21, 1975, on the basis of submissions from the parties, an administrative law judge ruled "that there are sufficient changes to hold a formal and complete hearing". On October 31, 1975 the same administrative law judge issued an amended order more fully setting out the factual basis for his ruling. National Bank requested a review of this ruling by the commissioner who, on December 10, 1975, affirmed in a letter which also set out the following factual summary:

"Using Applicant's format, they are as follows:

| Description | Feb., 1974 | July 31, 1975 | Number | % |
|---|---|---|---|---|
| Homes in SA | 1,370 | 1,432 | + 62 | +4.52 |
| Population—'Village' | 400 | 406 | + 6 | +1.5 |
| Population—SA | 4,384 | 4,582 | + 198 | +4.52 |
| Commercial Businesses | 50 | 54 | + 4 | + 4.5 |
| School Enrollment | 1,396 | 1,466 | + 70 | + 5.0 |

With the above findings incorporated therein by reference, the Amended Order of October 31, 1975 is affirmed. Further, this affirmance is in conformity with my December 2 published announcement favoring a more pro-competitive policy in branch banking."

National Bank then sought to block the impending full-scale hearing and ruling on Litchfield Bank's third application through another motion for superintending control in the circuit court. Subsequently, in an opinion dated March 15, 1976, and an order dated May 24, 1976, the Ingham County Circuit Court granted this motion. The Banking Commissioner was ordered not to hold a hearing on Litchfield Bank's third application, provided, however, that if another banking institution applied for permission to open a bank branch in Hanover-Horton that a hearing on Litchfield Bank's application should be held. The circuit court found:

" * * * infinitesimal growth in the Horton-Hanover area between February, 1974, and July 31, 1975, the only real changes 'in facts or circumstances' since the prior application of the Applicant is the change in the Banking Commissioner and the change in his enunciated policies concerning competition in banking."

Since there had been no "necessity" in February, 1974, and no real changes since then, the circuit court reasoned that there could be no necessity now. Defendant Litchfield Bank's motion for rehearing was denied on July 15, 1976. The Banking Commissioner in #29746 and Litchfield Bank in #29747 appeal as of right.

We accept, *arguendo,* the circuit court's holding that the 1974 "no necessity" ruling by the commissioner is res judicata on that issue. This leaves two salient issues for us to address. 1. Did the circuit court have subject matter jurisdiction? 2. Was the circuit court correct in its conclusion that the administrative law judge was wrong in finding sufficient changes of circumstances to warrant a hearing on Litchfield Bank's application?

## I

The remedy of superintending control by the circuit court over inferior tribunals, including administrative agencies, is available under GCR 1963, 711 only "if another plain, speedy and adequate remedy is [not] available to the party seeking the order". If National Bank was merely seeking to prevent approval of Litchfield Bank's application, superintending control was not a proper remedy since the administrative process itself was an adequate available alternative. The Administrative Procedures Act, MCLA 24.301; MSA 3.560(201), would also have afforded National Bank the opportunity for judicial review of the "preliminary, procedural or intermediate agency action or ruling * * * if review of the agency's final decision or order would not provide an adequate remedy". Therefore, whether we view the circuit court's action as superintending control under GCR 1963, 711 or as review under the Administrative Procedures Act, it could have had jurisdiction here only if there was not an adequate remedy available through the normal administrative procedures. Plaintiff National Bank argues that requiring it to go through the normal administrative channels would have meant that it "would have been in a position of having no plain, speedy and adequate remedy available to it, thereby being subject to the material prejudice of required participation in a third, full evidentiary hearing, the holding of which it had consistently sought to prevent". In other words, National Bank contends that it sought in the circuit court not to prevent the granting of permission to Litchfield Bank to open a new branch, but rather to prevent the holding of a full-blown hearing by the commissioner, National Bank's rationale being that it would be

harmed by the time and expense of the hearing and that the hearing could produce no result different from that on the first two applications because of res judicata and the absence of any material changes that would produce a different result. Therefore, only by immediate review and/ or an order of superintending control to prevent the holding of a hearing could it be given an adequate remedy.

A similar argument was successfully made in *International Business Machines Corp v Department of Treasury,* 75 Mich App 604, 609–610; 255 NW2d 702 (1977), which reads in part:

"Plaintiff seeks judicial review of 'preliminary' and 'procedural' action or rulings of the Treasury. * * *

"Exhaustion of administrative remedies serves several policies: (1) an untimely resort to the courts may result in delay and disruption of an otherwise cohesive administrative scheme; (2) judicial review is best made upon a full factual record developed before the agency; (3) resolution of the issues may require the accumulated technical competence of the agency or may have been entrusted by the Legislature to the agency's discretion; and (4) a successful agency settlement of the dispute may render a judicial resolution unnecessary. See *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727–728; 190 NW2d 219, 226 (1971).

"Exhaustion of administrative remedies is not an inflexible condition precedent to judicial consideration, however, and will not be required if review of the agency's final decision would not provide an adequate remedy, MCLA 24.301; MSA 3.560(201), *i.e.,* if it would run counter to the policies which underlie the doctrine. That is the case here. Plaintiff's suit seeks to avoid the expenses of litigation and disclosure which would be incurred by submitting to the agency's procedures for redetermination. The very harm that plaintiff seeks to avoid would inevitably occur if plaintiff were required to exhaust administrative remedies before access to judicial review. Moreover, the issue of the agency's

statutory authority is clearly framed for the court. Extensive fact findings are unnecessary, and the decision does not demand special technical expertise."

While the argument made in this case is similar, the factual situation is not. Here the ultimate issue is a question of "necessity" which clearly calls for the application of agency expertise to the relevant factual setting, which in turn presupposes that extensive fact finding is necessary. Here only preliminary facts have as yet been determined. The question here, unlike the question in *IBM,* is whether or not the mere prospect of "the material prejudice of required participation in a third full evidentiary hearing" leaves National Bank without an adequate remedy. In *Bennett v Royal Oak School District,* 10 Mich App 265, 268–269; 159 NW2d 245 (1968), *lv den,* 381 Mich 755 (1968), Judge, now Chief Justice KAVANAGH, pointed out:

"The fact that administrative action may be erroneous does not create any exception to the rule that the statutory administrative procedures must be exhausted before judicial relief is sought.

\* \* \*

"A remedy is not 'inadequate' so as to authorize judicial intervention before exhaustion of the remedy merely because it is attended with delay, expense, annoyance, or even some hardship.

\* \* \*

"Superintending control is a discretionary writ which should not be issued where another adequate remedy is available to the petitioner."

In *Quigley v Dexter Township,* 43 Mich App 308, 314; 204 NW2d 257 (1972), *reversed on other grounds,* 390 Mich 707; 213 NW2d 166 (1973), this Court found that the mere expense of a second hearing before a zoning board did not make that remedy inadequate.

We conclude that plaintiff National Bank had an adequate administrative remedy in this case and that therefore, the circuit court lacked jurisdiction.

II

The proper standard for judicial review of an administrative action was stated in *Montiy v Civil Service Board of East Detroit*, 54 Mich App 510, 513–514; 221 NW2d 248 (1974):

"We note at the outset that the administrative review by way of superintending control is limited in nature. In *Detroit v General Foods Corp*, 39 Mich App 180, 190; 197 NW2d 315, 321 (1972), this Court summarized the standards for judicial review of an administrative tribunal as follows:

" 'When a court reviews an administrative tribunal decision, it reviews the original record to determine if the decision is supported by competent, material and substantial evidence, and will overturn a decision only when such decision is *contrary to law*, or *is not supported by the necessary competent, material and substantial* evidence. Const 1963, art 6, § 28.' "

In applying this "substantial evidence" test to a decision of the Banking Commissioner this Court stated in *Union Bank & Trust Co v First Michigan Bank & Trust Co*, 44 Mich App 83, 86–90; 205 NW2d 54 (1972):

"The judicial yardstick for assessing the validity of an administrative decision is whether or not the decision was supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Viculin v Department of Civil Service*, 386 Mich 375 [192 NW2d 449] (1971); *Diepenhorst v General Electric Co*, 29 Mich App 651 [185 NW2d 637] (1971).

"Therefore, we are confronted with the identical

question which faced the circuit court, namely, whether there was competent, material, and substantial evidence on the whole record to support the commissioner's finding * * * .

* * *

"Admittedly, the question is close and although had we been sitting as the commissioner we may have reached a different result, we will not substitute our opinion for that of an administrative agency where, as here, there is the requisite evidence to support the administrative decision. *Saksey's Lounge, Inc v Liquor Control Commission,* 29 Mich App 656 [185 NW2d 840] (1971)."

In *Soto v Director of the Michigan Department of Social Services,* 73 Mich App 263, 271–272; 251 NW2d 292 (1977), this Court stated:

"Recently a Federal court was able to briefly and clearly explain what is meant by a 'substantial evidence test'. *Ginsburg v Richardson,* 436 F2d 1146 (CA 3, 1971), *cert den* 402 US 976; 91 S Ct 1680; 29 L Ed 2d 142 (1971), *reh den* 403 US 912; 91 S Ct 2213; 29 L Ed 2d 690 (1971). The Court explained:

" ' "Substantial evidence" means evidence which a reasoning mind would accept as sufficient to support a conclusion. "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderence" of the evidence.' *Ginsburg* at 1148, citing *Laws v Celebrezze,* 368 F2d 640, 642 (CA 4, 1966).
The Court in *Ginsburg* made it quite clear that the findings of the administrative tribunal will ordinarily be upheld * * * ."

The Supreme Court analyzed the "substantial evidence" standard found in Const 1963, art 6, § 28 in *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283 (1974), concluding with the following:

"The cross-fire of debate at the Constitutional Convention imports meaning to the 'substantial evidence' standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of *de novo* review, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review."

The opinion of the court below contains no such qualitative and quantitative evaluation of the evidence considered by the administrative law judge. The opinion reads in part:

"But there can be no question based upon the total record that the real predicate of the determination to permit Applicant to proceed to full hearing was not the increase in the population or other growth within the service area between February, 1974, and July 31, 1975, but was rather a fundamental change in policy by Commissioner Francis.

\* \* \*

"It is this Court's considered judgment that pursuant to Sec 106 of the Michigan Administrative Procedures Act (PA 1969, 306) that the October 31, 1975, amended order of the Administrative Law Judge as affirmed and modified by Commissioner Francis' letter-order of the 10th day of December, 1975, was not supported by competent, material and substantial evidence on the whole record and was arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion for the reasons herebefore [sic] indicated; that Defendants and

Intervening Defendant failed to establish such a material change in facts or circumstances since Applicant's prior application, hearing and denial for permission to establish a branch bank at 196 Moscow Road, Hanover Township, Jackson County, Michigan, as would permit rehearing, reconsideration, or any other form of redetermination of that application.

\* \* \*

"On October 21, 1975, amended by his order of October 31, 1975, Albert G. Landa, Administrative Law Judge, ordered that Applicant's request for a hearing on its application for permission to establish and operate a branch bank at 196 Moscow Road, in the incorporated village of Horton, Hanover Township, Jackson County, Michigan, was thereby granted, and on December 10, 1975, now Commissioner Richard J. Francis of the Department of Commerce, Financial Institutions Bureau, affirmed the decision of the Administrative Law Judge with the incorporation of additional findings of fact done 'in conformity with my December 2 published announcement favoring a more pro-competitive policy in branch banking.'

"It is clear to this Court that, other than infinitesimal growth in the Horton-Hanover area between February, 1974, and July 31, 1975, the only real changes 'in facts or circumstances' since the prior application of the Applicant is the change in the Banking Commissioner and the change in his enunciated policies concerning competition in banking."

The opinion's evaluation of the administrative findings is almost purely conclusional. There is no analysis of why the amount of change which includes a nearly 10% reduction in the number of farms and an 8% increase in the number of commercial businesses was insubstantial. Clearly the amount of change needed to produce a finding of "necessity" depends to a large extent on how close the previous determinations by the Banking Commissioner were. As we view the record, the 1971 finding of no necessity was close. That the 1974 disapproval was also a close determination is indi-

cated by the fact that the second application was originally approved. The question at issue here is not whether the record supports a finding of "necessity" but merely whether the record contains substantial evidence of sufficient change to justify a hearing to determine whether or not there is "necessity".

Because of the closeness of the prior determinations, a relatively small change in circumstances may have been enough to produce a different result. This is an area of decision where administrative expertise should be given "due deference". We find, given the closeness of the prior administrative findings of no "necessity", the deference due to the findings of the administrative law judge that significant changes had occurred, and the undisputed existence of changes tending primarily toward a finding of "necessity", that there was substantial evidence on the record supporting the administrative law judge's order of October 31, 1975. Therefore, even had the circuit court had proper subject-matter jurisdiction, it should not have granted the order of superintending control.

## III

The order of the circuit court granting superintending control is vacated and the cause is hereby referred to the Banking Commissioner, Department of Commerce, Financial Institutions Bureau, for a hearing on defendant Litchfield Bank's application.

Reversed and vacated. Costs to appellants.