PEOPLE *v.* FLINT MUNICIPAL JUDGE.

1. MANDAMUS—WRITS—SUPERINTENDING CONTROL.
    Superintending control now embraces the functions of the
    former writ of mandamus (GCR 1963, 711.3[2]).

2. MANDAMUS — SUPERINTENDING CONTROL — MAGISTRATE — CLEAR
   DUTY.
    Superintending control lies to require a magistrate to perform
    a function where the magistrate has a clear legal duty to
    act.

3. MANDAMUS — SUPERINTENDING CONTROL — RECORD — DISCRE-
   TION — CLEAR LEGAL DUTY.
    A superintending court neither substitutes its judgment or
    discretion for that of the magistrate nor does it act directly
    in the premises; rather it examines the record made before
    the magistrate to determine whether there was such an abuse
    of discretion as would amount to a failure to perform a
    clear legal duty, and if a failure to perform a clear legal
    duty is found, the superintending court orders the magistrate
    to perform his duty.

4. MANDAMUS—SUPERINTENDING  CONTROL—APPEAL  AND  ERROR—
   NEW ACTION.
    A complaint for superintending control is not an appeal from
    an action but is a whole new lawsuit.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4]  35 Am Jur, Mandamus §§ 258, 259.
[5, 6]  34 Am Jur, Mandamus §§ 13–31.
[7]  35 Am Jur, Mandamus §§ 249–308.

5. MANDAMUS—SUPERINTENDING CONTROL—COURTS—JURISDICTION—
ORDERS.

> The Supreme Court, the Court of Appeals, and the circuit court
> all have jurisdiction to hear original complaints for super-
> intending control and to issue orders of superintending control
> directed to courts and judges of earlier jurisdiction (GCR
> 1963, 711.4[1]).

6. MANDAMUS—SUPERINTENDING CONTROL—FORUM—POLICY.

> Policy requires that a complaint for superintending control be
> directed to the first tribunal within Michigan's one court
> of justice having competence to hear and act upon it.

7. MANDAMUS—SUPERINTENDING CONTROL—JUDGES—COURTS.

> Original complaints for superintending control against municipal
> judges, district judges, and probate judges should be directed,
> as a matter of policy, to the circuit courts.

Appeal from Court of Appeals, Division 1, Lesin-
ski, C. J., and J. H. Gillis and Quinn, JJ., denying
complaint for superintending control over Flint
Municipal Court, Thomas C. Yeotis, J. Submitted
November 6, 1969. (Calendar No. 20, Docket No.
52,146.) Decided April 13, 1970.

Complaint by the People of Michigan in the Court
of Appeals for superintending control against Flint
Municipal Judge Thomas C. Yeotis, to compel him
to bind over a criminal defendant, Joseph Cusenza,
for trial. Order denied. The People appeal.
Joseph Cusenza intervened as a party defendant.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Paul G. Miller, Jr.,* As-
sistant Prosecuting Attorney, for the people.

*Ivan E. Barris,* for defendant Cusenza.

T. E. Brennan, C. J.

## The Case

On November 6, 1967, a warrant was issued for the arrest of one Joseph Cusenza and six other persons for the crime of conspiracy to commit murder. Preliminary examination was had in the municipal court of Flint before Thomas C. Yeotis, municipal judge. On March 7, 1968, after a long and complicated examination, the magistrate filed a written opinion in which some of the defendants were bound over to circuit court for trial, and others, including Cusenza, were not.

The prosecuting attorney, purporting to act on behalf of the people, sought to obtain an original writ of superintending control in the Court of Appeals, directing the municipal judge to find probable cause as to Cusenza, and bind him over for trial in circuit court.

On July 26, 1968, the Court of Appeals denied the appellant's complaint for superintending control, for the reason that the complaint should be addressed to the circuit court.

We granted leave to appeal. Joseph P. Cusenza has intervened as a defendant-appellee, pursuant to our order of September 13, 1968.

## Superintending Control

No argument is made here as to the proper office of superintending control as a means of reviewing the discretion of an examining magistrate. The order of superintending control embraces the functions of the former writ of mandamus. GCR 1963, 711.3 (2).

Superintending control, like mandamus, lies to require the magistrate to perform a function where the magistrate has a clear legal duty to act.

The superintending court does not substitute its judgment or discretion for that of the magistrate; neither does it act directly in the premises. Rather it examines the record made before the magistrate to determine whether there was such an abuse of discretion as would amount to a failure to perform a clear legal duty; and in such case, the superintending court orders the magistrate to perform his duty.

The process is not, properly speaking, an appeal. It is rather a whole new lawsuit, with different parties and different purposes. *People* v. *Yeotis* is not a criminal case, but is rather an original civil complaint designed to require the defendant municipal judge to perform a clear legal duty.

## THE PROPER COURT

The Supreme Court, the Court of Appeals, and the circuit court all have jurisdiction to hear original complaints for superintending control, and to issue orders of superintending control directed to courts and judges of earlier jurisdiction. GCR 1963, 711.4 (1).

Reasons of policy dictate that such complaints be directed to the first tribunal within the structure of Michigan's one court of justice having competence to hear and act upon them.

Original complaints for superintending control against municipal judges, district judges, and probate judges should be directed to the circuit courts.

The Court of Appeals is affirmed. No costs, a public question being involved in this civil action.

DETHMERS, KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred with T. E. BRENNAN, C. J.