RADKE v. EMPLOYMENT SECURITY COMMISSION

1. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—FINAL ORDER
   —REMAND ORDER.
   An order of the Employment Security Commission Appeal
   Board remanding the cause to a referee for the taking
   of additional testimony is not a "final order" and a circuit
   court cannot properly entertain an appeal from such an order
   (MCLA 421.38).

2. APPEAL AND ERROR—COURT OF APPEALS—MISLABELED PLEADING.
   The Court of Appeals may consider a complaint filed in a circuit
   court and mislabeled as an appeal to see whether it meets the
   requirements of some other court rule.

3. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—JURISDICTION
   —MISLABELED PLEADING—SUPERINTENDING CONTROL.
   Circuit court's jurisdiction over a complaint mislabeled as an
   appeal from an interlocutory order of the Employment
   Security Commission Appeal Board may be affirmed if
   the complaint meets the requirements of some other court rule,
   such as a complaint for superintending control.

4. MANDAMUS—SUPERINTENDING CONTROL—PROCEDURAL LIMITATIONS.
   Superintending control is an extraordinary power unencumbered
   by usual procedural limitations (Const 1963, art 6, § 13; MCLA
   600.615; GCR 1963, 711.2).

5. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMIS-
   SION APPEAL BOARD—SUPERINTENDING CONTROL.
   The Employment Security Commission Appeal Board, being
   subject to judicial review, is an "inferior tribunal" which is
   subject to the superintending control of the courts in ap-

REFERENCE FOR POINTS IN HEADNOTES

[1-9] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Funds §§ 45-50.

propriate circumstances (MCLA 421.38, 600.615; GCR 1963, 711.1).

6. MANDAMUS—SUPERINTENDING CONTROL—SCOPE OF ORDER.

Superintending control encompasses the power to investigate an act or omission of an inferior court or tribunal and to issue whatever remedial order may be necessary to achieve justice in the particular case or to implement policies of sound judicial administration (MCLA 600.615; GCR 1963, 711.1).

7. MANDAMUS—SUPERINTENDING CONTROL—LIMITATIONS ON ISSUANCE.

An order of superintending control does not supersede the use of normal appellate procedure; an order of superintending control should not be issued where an appeal would provide the plaintiff with a plain, speedy, and adequate remedy (GCR 1963, 711.2).

8. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMISSION—PROCEDURE—POLICY.

The procedures of the Employment Security Commission must provide an efficient determination of a claimant's status so as to effectuate the policy of the Employment Security Act, which is to protect the unemployed person (MCLA 421.2).

9. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMISSION APPEAL BOARD—REMAND ORDER—SUPERINTENDING CONTROL.

An order of superintending control vacating an order of the Employment Security Commission Appeal Board remanding a cause appealed to it by the employer to a referee for the taking of additional testimony and confirming the referee's award of benefits to the claimant was proper where the claimant had diligently pursued his claim for benefits through the employment commission's procedures, the claimant had appealed a denial of benefits and a referee had awarded benefits at that hearing, the employer did not appear, the employer appealed the referee's decision, and the employer did not appear at that hearing ordered on its appeal, but the employee and his attorney did appear, because the remand order would, under the facts, frustrate the legislative purpose of protecting the unemployed person.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 October 6, 1971, at Lansing. (Docket No. 10458.) Decided November 23, 1971.

Herman Radke presented his claim against Nelson Mill Company for unemployment benefits. Benefits granted by an Employment Security Commission referee on a redetermination. The Employment Security Commission Appeal Board ordered the cause remanded to the referee. Plaintiff appealed to circuit court. Remand order reversed and benefits awarded. The Employment Security Commission appeals. Affirmed.

*Benton, Hicks, Beltz, Behm & Nickola,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for defendant Employment Security Commission.

Before: Quinn, P. J., and Danhof and Targonski,* JJ.

Targonski, J. Plaintiff Herman Radke was laid off as a laborer for Nelson Mill Company on April 30, 1968. His job foreman had informed him around noon of the impending layoff, since there was no work remaining for him to do. Plaintiff was laid off about one-half hour before his usual quitting time. On the next day, May 1, 1968, the carpenter's union went on strike, remaining on strike until Wednesday, August 7, 1968. One week after the carpenters' dispute was settled, plaintiff was rehired by his employer Nelson Mill Company. Plaintiff was not a member of any striking union, received no unemployment compensation, and has not benefited in any way by the carpenters' strike and settlement.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff filed an application for unemployment benefits with defendant-appellant Michigan Employment Security Commission (MESC) which returned a determination dated May 15, 1968, denying the benefits on the ground that plaintiff's unemployment was caused by a labor dispute in active progress. An August 19, 1968 redetermination was returned with the same result. Plaintiff appealed, seeking a referee's decision, but at the scheduled hearing neither the employer nor its representative appeared. The referee heard testimony nevertheless, and issued a May 7, 1969 decision reversing the MESC's redetermination and awarding unemployment benefits to plaintiff.

Nelson Mill Company sent a letter appealing the referee's decision to the Michigan Employment Security Commission Appeal Board but, again, the employer or a suitable representative failed to appear at the scheduled hearing. Plaintiff and his attorney appeared at the hearing and further filed an unopposed brief for the consideration of the appeal board. Nonetheless, the appeal board remanded the matter to the referee in order to hear testimony as to the employer's reasons for laying off plaintiff.

On February 5, 1970, plaintiff appealed to the Genesee Circuit Court seeking reversal of the appeal board's remand order. Defendant-appellant MESC moved to dismiss the appeal on the ground that the Appeal Board's remand order was not a "final order" and thus not appealable. MCLA 421.38; MSA 17.540. The circuit court judgment of October 8, 1970, found the appeal board's remand order to be a reviewable "final order", reversed said order, and affirmed the referee's decision awarding plaintiff the benefits he sought. MESC appeals therefrom.

As in the circuit court, defendant-appellant alleges that the circuit court lacked jurisdiction to

entertain plaintiff's appeal from a remand order of the MESC Appeal Board. Defendant-appellant contends that under MCLA 421.38; MSA 17.540, an appeal may be entertained by the circuit court only from a "final order or decision of said appeal board," and that the remand order was not a "final order or decision" but an order of an interlocutory nature and, thus, not appealable.

Upon inspection, we find that the Genesee County Circuit Court could not properly entertain an appeal pursuant to MCLA 421.38; MSA 17.540. But, even if the Appeal Board's remand order is not a final order appealable under statute, if appropriate, we may view an appeal to circuit court as an application for an order of superintending control.

In *Parshay v. Warden of Marquette Prison*, 30 Mich App 556 (1971), it appears that this Court may consider a complaint mislabeled as an "appeal" to see whether it meets the requirements established pursuant to some other court rule. Thus, if the scope of superintending control fairly includes plaintiff's case, the circuit court's jurisdiction may be affirmed even if the appeal board's remand order is not a final order.

Superintending control is an extraordinary power, unencumbered by usual procedural limitations. Const 1963, art 6, § 13, grants to the circuit courts, "supervisory and general control over inferior courts and tribunals within their respective jurisdiction in accordance with the rules of the supreme court". This constitutional power of superintending control is confined by the following statute:

"The circuit courts have a general superintending control over all inferior courts and tribunals, subject to the rules of the supreme court." MCLA 600.615; MSA 27A.615.

Further, court rule regulates the procedures by which such power is to be exercised:

"An order of superintending control may be used in any fashion necessary to implement the superintending or supervisory control power of the court over inferior tribunals." GCR 1963, 711.1.

In addition, because the MESC Appeal Board is subject to judicial review, MCLA 421.38; MSA 17-.540, it must be considered an "inferior tribunal" and therefore subject to the superintending control of the courts. In 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 43, there is a discussion of GCR 1963, 711 by the authors with reference to special statutes providing for appeal to circuit court as being nonexclusive regarding the right of superintending control over those same tribunals. The commentary follows:

"In addition to these general provisions, consideration must be given to numerous special statutes affecting judicial review of administrative tribunals, since the power of supervision is not limited to control of lower courts, but extends to all inferior tribunals. Special statutes which make particular administrative action subject to judicial review are important as establishing that the agencies, for that purpose, are acting as "inferior tribunals." As such, they become subject to the superintending control of the courts, and may be supervised by an order of superintending control in appropriate circumstances, when another plain, speedy and adequate remedy is unavailable. Sub rules 711.1, 711.2."

As previously mentioned, the power of superintending control is an extraordinary power. As stated by Carl S. Hawkins in the Practice Commentary subsequent to MCLA 600.615, p 315, "it [superintending control] encompasses the power to investi-

gate an act or omission of the inferior court or tribunal, and to issue whatever remedial order may be necessary to achieve justice in the particular case or to implement policies of sound judicial administration".

However, the order of superintending control does not supercede the use of normal appellate procedure, when an appeal would be available and adequate for that purpose. It is stated by court rule:

"The order of superintending control should not be issued if another plain, speedy and adequate remedy is available to the party seeking the order." GCR 1963, 711.2.

Unfortunately, though an appeal is the normal and statutorily recognized procedure for circuit court review, it would not be a "speedy and adequate remedy" in the situation presented here. On an appeal under GCR 1963, 706.2, MCLA 421.38; MSA 17.540, dictates that "the circuit court * * * shall have the power to review questions of fact and law on the record made before the referee and the appeal board involved in any such *final order* or *decision* of said appeal board, and to make such further orders in respect thereto as justice may require." (Emphasis added.) Adhering to defendant-appellant's contention, we find that there is no "such final order or decision" of the appeal board. Therefore, due to the exigencies which call for its exercise, if applicable, superintending control is the only "speedy and adequate remedy" available to effectuate justice here.

However, does the instant case present an appropriate situation for the utilization of superintending control? In light of GCR 1963, 711.1, we look to the Committee Comment:

" 'The question therefore arises: What is the proper instrument by which we exercise this power? The only answer is that it must be framed when the case properly arises, and, for want of a better name, may be denominated a supervisory writ. It must be suitable, not only to examine into questions of jurisdiction, but it must also extend to the review of errors of law and abuses of discretion within the limits of jurisdiction. * * * The supervisory writ, being broader in its scope, would afford relief by restraining the inferior court to the bounds of jurisdiction, or compelling a performance of duty, as well as by a correction of errors and abuses of discretion requiring prompt action. * * * 'Brantly, C. J., in *State ex rel. Whiteside* v. *District Court,* 24 Mont 539, 565; 63 P 395, 401 (1900)." 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 41–42.

Turning to the facts, we can appreciate the necessity that required that plaintiff be exposed to a "speedy and adequate remedy". After plaintiff unsuccessfully filed an application for unemployment benefits and later an application for redetermination on the initial denial of unemployment benefits, a hearing before a referee was scheduled on January 8, 1969, in Detroit. Neither plaintiff's employer nor a representative appeared to present their side of the controversy. Plaintiff, his attorney, and a witness appeared on his behalf and gave testimony. On May 7, 1969, an opinion by the referee, based upon the employer's failure to appear at the scheduled hearing, together with the great weight of credible, competent, material, and substantial evidence on the whole record, reversed the redetermination.

Then, on November 4, 1969, on request by the employer, an appeal hearing came before the MESC Appeal Board, again in Detroit. And again, the

employer did not appear, either by itself or through a representative, nor was a brief filed. Plaintiff appeared though, with his attorney, and filed a brief. Nonetheless, the appeal board, pursuant to MCLA 421.35; MSA 17.537, chose to remand the case back to the referee for the taking of additional evidence.

In viewing whether this was an abuse of discretion, we must envision the complete picture presented before us. The Employment Security Act of this state requires that an employee act expeditiously within specific days in the perfecting of his claim for unemployment compensation benefits. This requirement plaintiff has obviously performed with diligence. In fact, plaintiff, who resides in Clio and who worked for his employer in the Flint area, in order to appear before both the referee and the appeal board, had the additional burden and expense of hiring an attorney, filing briefs, and traveling to Detroit twice. While on the other hand, the employer, Nelson Mill Company, which is located in the Detroit area, more specifically Southfield, has demonstrated a complete disregard in appearing for either hearing or filing a brief. And in the appeal board hearing, the employer was the appellant.

The intent and spirit of the Legislature in enacting the Employment Security Act is well articulated.

"The legislature acting in the exercise of the police power of the state declares that the public policy of the state is as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Involuntary unemployment is a subject of general interest and concern which requires action by the legislature to prevent its spread and to lighten its burden which so often falls with crushing force upon the unemployed worker and his family, to the detriment of the welfare of the people of this state. So-

cial security requires protection against this hazard of our economic life. Employers should be encouraged to provide stable employment. The systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment by the setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own, thus maintaining purchasing power and limiting the serious social consequences of relief assistance, is for the public good, and the general welfare of the people of this state." MCLA 421.2; MSA 17.502.

The policy of the act is to protect the unemployed person. In line with said policy, the procedures of the MESC must provide an efficient determination of a claimant's status. This Court has previously taken note of the unusual pressures placed upon an unemployed individual:

"One spectre looms throughout this entire transaction: economic straits. The employment security act was intended to protect just such a person as claimant from the subtly coercive effects of economic pressure, and to prevent just such a consequence as we have here." *Larson* v. *Employment Security Commission,* 2 Mich App 540, 546 (1966).

In the instant action, the "subtly coercive effects of economic pressure" are resulting from the procedures themselves. If plaintiff's only recourse in this situation would be an appeal pursuant to MCLA 421.38; MSA 17.540, then the employee is placed at the mercy of the employer. Because then, an employee can be coerced into appearing and reappearing, over and over again, and be required to offer evidence and be represented by counsel in order to vindicate his rights to unemployment compensation benefits, *when the employer is required to do nothing.* This frustrates any intent by legislation to

assist and aid a worker at his moment of unemployment.

A similar situation was presented to the Louisiana Court of Appeal in *Sustan Garments, Inc.* v. *Administrator of the Division of Employment Security, Department of Labor,* 211 So 2d 714, 715 (La, 1968). The Louisiana Court of Appeal ruled on the failure of an employer to appear at a hearing before an appeal referee. The court affirmed the referee's dismissal of an appeal in accordance with Rule 7 of the Louisiana Board of Review, which provides that an appeal may be dismissed when the appellant fails to appear at the time designated for a hearing, or fails to present mitigating circumstances which precluded appearance, or fails to request rescheduling within 48 hours of the scheduled hearing time.

Here, since the referee ruled in favor of plaintiff, the appellant before the appeal board was the employer. MCLA 421.34; MSA 17.536 provides regarding appeals to the MESC Appeal Board:

"If the appellant fails to appear or prosecute the appeal, the appeal board may dismiss the proceedings or take such other action as it may deem advisable."

We are not presented with a "final order or decision" of the appeal board for us to determine whether it is supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Vickers* v. *Employment Security Commission,* 30 Mich App 530 (1971). Rather, we are challenged to review, as the circuit court has, the exercise of discretion of the MESC Appeal Board. We hold that upon this factual situation, there was a clear abuse of discretion by the MESC Appeal Board and, consequently, claimant was entitled to

circuit court review under the power of superintending control.  For us to rule otherwise would be an endorsement that the MESC Appeal Board has the right to place multiple stumbling blocks in front of a claimant in order to recover benefits but excuse the most extravagant and indefensible neglect in the entire proceedings by an employer.

Affirmed.

All concurred.