GREGORY BOAT COMPANY *v* CITY OF DETROIT

1. TAXATION—GENERAL PROPERTY TAX—EXEMPTION—WATERCRAFT TAX ACT.

> The exemption from the general property tax provided for watercraft licensed under the watercraft tax act is applicable only if the annual tax paid for licensed watercraft is paid under an obligation to pay (MCLA 207.51a).

2. TAXATION—GENERAL PROPERTY TAX—EXEMPTION—WATERCRAFT TAX ACT—USE.

> The obligation to pay the annual tax on watercraft licensed under the watercraft tax act applies only to owners of watercraft actually used on the navigable waters of this state and not to all owners of watercraft capable of such use where the statute provides sanctions for unlicensed ownership only when coupled with use and where the proviso which exempts watercraft operating on unnavigable waters from the annual tax is meaningless unless the statute applies to use rather than mere ownership (MCLA 207.51a).

3. TAXATION—WATERCRAFT TAX ACT—USE.

> The term "use", as used in the watercraft tax act, means "use" in the traditional sense of the word and does not mean "use" that is simply incidental to demonstration for sale of watercraft by a dealer nor that "use" by a *bona fide* prospective purchaser during a reasonable period for demonstration and testing (MCLA 207.51a).

4. COSTS—TAX STATUTE—INTERPRETATION.

> No costs are assessed where the action involves a reasonable dispute in the interpretation of a tax statute.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur, Taxation § 402 *et seq.*
[4] 20 Am Jur 2d, Costs § 6.

Appeal from Wayne, Cornelia Kennedy and Roland L. Olzark, JJ. Submitted Division 1 November 4, 1971, at Detroit. (Docket Nos. 10659, 10660, 10661, 10662, 10663.) Decided January 19, 1972.

Complaint by Gregory Boat Company against the City of Detroit, the Board of Education of the City of Detroit, and Wayne County for recovery of a general property tax assessment paid under protest. Judgment for plaintiff. Defendants appeal. Judgment is vacated and entry of judgment of no cause of action directed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Ronald J. Santo* and *Jane Forbes*), for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Julius C. Pliskow* and *Lawrence W. Morgan,* Assistants Corporation Counsel, for defendant City of Detroit.

*Miller, Canfield, Paddock & Stone* (by *Richard A. Jones*), for defendant Board of Education of the City of Detroit.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *William F. Koney,* Assistant Prosecuting Attorneys, for defendant Wayne County.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. This is a case of statutory construction. The statute is the Michigan watercraft tax act

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

as it affected the assessments under the general personal property taxes for the years 1962 and 1963. A subsequent amendment effective May 15, 1963, limits our holding to the tax years above specified. The relevant portion of the statute as it read at the time involved is herewith set forth:

"Sec 1a.   Every vessel, boat or other watercraft, * * * which is owned by a resident of the state of Michigan * * * shall, prior to the time it is placed into use or navigated upon the waters lying within and surrounding this state, be licensed by the secretary of state and shall be subject to a specific tax, payable annually by its owner, * * * which shall exempt it from the general property tax * * * . Provided, That this specific tax shall not be levied on any boat operated on inland lakes having neither a navigable inlet or outlet." 1955 PA 73; 1948 CL 207.51a; MSA 7.281(1). (Emphasis supplied.)

"Sec 2.   The owner of any vessel, barge, boat or other watercraft as defined in section 1 and section 1a of this act shall annually, on or before the 1st day of December, file with the secretary of state a verified statement in writing * * * , and shall thereupon pay to said secretary of state the sum of money due to the state as determined by the provisions of sections 1 or 1a of this act as the case may be: * * * . Upon the payment of said amount the secretary of state shall thereupon issue its receipt for vessels specified in section 1 and a license plate in duplicate for the vessels specified in section 1a hereof." 1952 PA 179; 1948 CL 207.52; MSA 7.282.

The underlined proviso is the viscera of this lawsuit. If plaintiff appellee was *obligated* to pay the specific tax above set forth, clearly it is exempt from the general tax. If it was not *obligated* to pay the tax, just as clearly the fact of payment does not create the exemption.

Plaintiff paid the specific tax. Defendants assessed the general tax. Plaintiff paid this latter tax under protest and sued to recover the amount.

The trial judge interpreted the statute to *obligate* payment of the specific tax and entered judgment for plaintiff in the amount of the general tax assessment paid under protest. We examine the question.

If the statute is free of ambiguity, no judicial interpretation is needed or indeed permissible. Manifestly the statute is susceptible of at least two interpretations. If the specific tax is purely upon ownership and payable upon the fact of ownership alone, the learned trial judge was right. If the act is in effect a licensing tax payable when the craft is "placed into use or navigated upon the waters lying within and surrounding this state", the trial court was in error.

We believe the latter interpretation accords with the legislative intent, as that sometimes elusive concept is judicially determined under the established rules of statutory construction.

We so hold, first because there is nothing in the act which suggests that mere unlicensed ownership is subject to any penalty. There is no sanction imposed by the statute for mere ownership when the required license is not purchased. Rather, it provides:

"Any person liable for the tax imposed under section 1a of this act who *uses* or permits the *use* of any vessel, * * * before such license has been issued * * * shall be guilty of a misdemeanor * * * ." 1952 PA 179; 1948 CL 207.52a; MSA 7.282(1). (Emphasis supplied.)

We feel it would be illogical to ascribe to the Legislature an intent to tax *ownership* as such, but impose a penalty only as to *use*.

Second, and we think equally compelling, is that there is no way we can perceive how the exceptions in the act, which provide for the exemption of "any boat operated on inland lakes having neither a navigable inlet or outlet", can be meaningful unless it applies to *use* as opposed to *ownership*.

Certainly we take judicial notice of the presence of many inland lakes in our state in which craft in excess of 16 feet overall can be and are operated. Additionally, many such craft can be sold in border cities to residents of sister states and Canada for use and operation in other states or another country. It would be an utter impossibility to determine at the time a craft is on a showroom floor, or even on display in a mooring slip, whether it would be *used* in waters totally exempt from the act.

In furtherance of our efforts to obtain indicia of legislative intent, we had resort to the House and Senate Journals, hopeful that debate or discussion of the amendment to the act would shed some light upon the intent of the act as originally passed. The journals were nonproductive.

We have considered the past administrative interpretations of the statute and the opinions of the Attorney General relative thereto. In finality, we are forced to the conclusion that the statute in question is a tax on use as opposed to ownership. By "use" we mean "use" in the traditional sense of that word. We exclude therefrom "use" that is simply incidental to demonstration for sale of watercraft by a dealer. In the interests of practicality, we note also that "use" by a *bona fide* prospective purchaser is not that "use" which imposes the obligation of compliance with the act by the potential purchaser during a reasonable period for demonstration and testing.

For the reasons hereinbefore set forth, we vacate the judgment entered below for plaintiff and find the assessment of the general property tax to have been properly imposed and that appellee was obligated to pay it.

We direct the entry of a judgment of no cause of action. We award no costs, the interpretation of a statute being involved.

All concurred.