PEOPLE v SIXTY-EIGHTH DISTRICT JUDGE

PEOPLE v CRONIN

1. CRIMINAL   LAW—CONSPIRATORS—STATEMENTS—ADMISSIBILITY—
OTHER EVIDENCE.

At a preliminary examination conducted by a district judge, out-
of-court statements of a coconspirator, not made in a defend-
ant's presence, are not admissible against the defendant unless
there is other evidence to connect him to the conspiracy.

2. CONSPIRACY—PRELIMINARY EXAMINATION—PROOF ALIUNDE—ABUSE
OF DISCRETION.

A district judge did not abuse his discretion in refusing to bind a
defendant over for trial, where at a preliminary examination
for a conspiracy charge, only out-of-court statements by a
coconspirator were presented without any proof aliunde to
connect the defendant to the conspiracy.

Appeal from Genesee, Earl E. Borradaile, J.
Submitted Division 2 December 6, 1972, at Lans-
ing. (Docket No. 10997.) Decided February 20,
1973.

Complaint by the people against James L. Mies,
District Judge of the 68th Judicial District, to
compel the binding over of Donald R. Cronin for
trial on a charge of conspiracy to solicit a bribe.
Superintending control granted, and defendant
Cronin ordered bound over. Defendant Cronin ap-
peals by leave granted. Reversed and order of the
district judge discharging Cronin reinstated.

*White, Newblatt & Grossman* and *Milliken &
Magee,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Conspiracy §§ 35–41.

Before: Bronson, P. J., and R. B. Burns and Danhof, JJ.

Danhof, J. Donald Cronin and two others were charged with conspiracy to solicit a bribe. MCLA 750.157a; MSA 28.354(1), MCLA 750.505; MSA 28.773. After conducting an extensive preliminary examination, the district judge bound the two other defendants over for trial, but ordered that Cronin be discharged. The people filed a petition for superintending control and the circuit judge ordered Cronin bound over for trial. The question which must be resolved is whether the district judge abused his discretion. *People v Flint Municipal Judge,* 383 Mich 429 (1970). We hold that he did not, and we reverse the order of the circuit judge and affirm the order of the district judge.

The district judge ruled that there was insufficient evidence to connect Cronin with the crime. The case against Cronin is far from overwhelming, and the only evidence that can be interpreted as connecting him to the conspiracy is testimony concerning out-of-court statements made by others charged with the same conspiracy. Out-of-court statements of a coconspirator, not made in a defendant's presence,[1] are not admissible against the defendant unless there is other evidence to connect him to the conspiracy. In *People v Batten,* 9 Mich App 195, 204–205 (1967), we said:

"It is clear that the acts and declarations of conspirators in furtherance of their purpose are admissible

---

[1] If made in the defendant's presence they could possibly be adoptive admissions. This portion of the rule is probably the source of the widespread and unfortunate misconception that the distinguishing factor of hearsay is the presence or absence of a party to the action at the time the statement is made. McCormick calls this idea a bit of courthouse folklore. McCormick, Evidence (2d ed), § 246, p 586. Perhaps stronger language is in order.

against all members of the conspiracy if made during the period of the conspiracy. *People v Trilck,* 374 Mich 118 (1965); *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). See, also, 4 ALR3d 671. It is also clear that this conspiracy must be proven by evidence aliunde.

" 'However, such declarations are admissible over the objection of an alleged coconspirator, who was not present when they were made, only if there is proof aliunde that he is connected with the conspiracy. * * * Otherwise, hearsay would lift itself by its own bootstraps to the level of competent evidence.' *Glasser v United States,* 315 US 60, 74, 75; 62 S Ct 457, 467; 86 L Ed 680, 701 (1941)."

Assuming that the out-of-court statements do connect Cronin with the conspiracy, there is no proof aliunde to connect Cronin to the conspiracy. Therefore, the district judge did not abuse his discretion in refusing to bind Cronin over for trial.

The order of the circuit court is reversed and the order of the district court is reinstated.

All concurred.