*In re* SMITH

(SMITH v COMMON PLEAS COURT OF DETROIT)

Docket No. 78-931. Submitted January 7, 1981, at Detroit.—Decided June 3, 1981.

Conrad Smith, Sheryl Mott and Vanessa Taylor brought an action for superintending control in the Wayne Circuit Court against the Common Pleas Court of Detroit to reverse the contempt citation of Mr. Smith by Judge George D. Kent of the Landlord-Tenant Division and to order an official reporter to attend each session of the Common Pleas Court, including sessions of the Landlord-Tenant Division. The court, Myron H. Wahls, J., ordered the contempt citation reversed and ordered that an official reporter attend all sessions of the Common Pleas Court. The Common Pleas Court of Detroit appeals. *Held:*

1. The circuit court properly exercised jurisdiction. An action for superintending control is appropriate where a litigant seeks to review the general policies and practices of an inferior court even where the individual litigants may have a right of appeal. The complaint set forth numerous instances of overt and continuing prejudice against Mr. Smith, his employer, the Landlord-Tenant Clinic, and its clients and a general practice of refusing to provide a court reporter where one has been demanded and the fee paid.

2. The court did not err in reversing Mr. Smith's contempt citation and in ordering the Common Pleas Court to provide an official reporter at all sessions.

3. The statute and court rules requiring the payment of a $3 fee for a court reporter are unconstitutional as they violate the equal protection guarantee.

Affirmed.

1. MANDAMUS — SUPERINTENDING CONTROL — JURISDICTION.

An action for superintending control is appropriate where a litigant seeks to review the general policies and practices of an

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 302, 306.

[2, 3] 16A Am Jur 2d, Constitutional Law §§ 746, 748, 749, 752.

[3] 20 Am Jur 2d, Costs § 69.

75 Am Jur 2d, Trial § 59.

inferior court even where the individual litigants may have a right of appeal.

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — BURDEN OF PROOF.

A party attacking a statutory classification on equal protection grounds has the heavy burden of demonstrating that the classification lacks a reasonable basis; if a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection exists.

3. TRIAL — STATUTES — COURT RULES — EQUAL PROTECTION.

The statute which mandates the payment of a $3 fee for a court reporter in the Common Pleas Court of Detroit and the Common Pleas Court Rules based on that statute are violative of the constitutional guarantee of equal protection (MCL 728.4; MSA 17.3654; CPR 38, 46.4[b]).

*Richard A. Soble, Kenneth M. Mogill,* and *Alan Kellman,* for plaintiffs.

*Marvin R. Stempien,* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and D. C. RILEY, JJ.

T. M. BURNS, P.J. The defendant, Common Pleas Court of Detroit, appeals as of right a February 14, 1978, Wayne County Circuit Court order of superintending control that ordered an official reporter to attend each session of the Common Pleas Court, including the Landlord-Tenant Division, and report verbatim all proceedings unless the parties, with the approval of the judge, specifically agree otherwise and that reversed the contempt citation of attorney Conrad W. Smith by Judge George D. Kent of the Common Pleas Court, Landlord-Tenant Division. We affirm.

We are not persuaded by defendant's argument that the circuit court erred in determining that an order for superintending control was the appropriate remedy in this case. Jurisdiction over matters

in which a writ of superintending control is sought is provided by GCR 1963, 711. That part of this court rule in issue here, 711.4(b), provides:

"When an appeal in the Supreme Court, the Court of Appeals or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

Defendant contends that because an appeal of right was available in each of the separate cases involved in the instant complaint, the circuit court did not have jurisdiction. However, in *Cahill v Fifteenth District Judge,* 393 Mich 137; 224 NW2d 24 (1974), the Supreme Court held that an action for superintending control is appropriate where a litigant seeks to review the general policies and practices of an inferior court even though the individual litigant may have a right of appeal. See also *Wayne County Prosecutor v Recorder's Court Judge,* 81 Mich App 317; 265 NW2d 134 (1978), *Detroit v Recorder's Court Judge,* 85 Mich App 284, 288; 271 NW2d 202 (1978).

The complaint in the instant case does challenge a general practice of the Common Pleas Court, Landlord-Tenant Division. Specifically, it alleges that that court has refused to provide a court reporter in cases where one has been demanded and the $3 fee paid. It would be burdensome to litigants to require them to appeal their individual cases each time their right to a court reporter has been denied them. Further, in view of the fact that the entitlement to litigants of a court reporter is so clear that it cannot be denied, it would waste valuable court time to require individual appeals in every case. Therefore, the circuit court did not

err in entertaining this aspect of plaintiff's action for a writ of superintending control.

We also find that the circuit court's jurisdiction over the contempt conviction of attorney Conrad Smith was proper. The complaint, when read as a whole, sets forth numerous instances of conduct by a Landlord-Tenant Division judge that evidence an overt and continuing prejudice against the Landlord-Tenant Clinic, its clients, and attorney Smith. Therefore, although attorney Smith's contempt conviction standing alone would not provide jurisdiction for superintending control, when combined with other actions of the judge as alleged in the complaint, the contempt conviction does appear to be an integral part of the complaint of general practices of the Landlord-Tenant Division of the Common Pleas Court. We hold, then, that the circuit court did not err when it exercised jurisdiction over the contempt citation of attorney Smith pursuant to a writ for superintending control.

We also have reviewed that portion of the record pertaining to the circuit court's reversal of the contempt citation of attorney Smith. We find no error.

The record reveals that there is a strong antagonism between a judge of the Landlord-Tenant Division and attorney Smith, who is the supervising attorney of the Landlord-Tenant Clinic. Further, it appears that the contempt conviction did not arise out of an incident in which contemptuous behavior was committed during a sitting of the court. Rather, it resulted from conduct that took place after the last case on the day in question had been called and at an hour when the court was not in session. Finally, the comments by attorney Smith to the judge from which the contempt conviction arose do not present such a threat to the

administration of justice as to need an immediate punishment for contempt. For these reasons, we hold that the case before us is controlled by *In the Matter of Meizlish,* 72 Mich App 732, 738-741; 250 NW2d 525 (1976). The circuit court did not abuse its discretion in reversing attorney Smith's summary contempt conviction.

Defendant's final argument is that the circuit court erred in ordering the Common Pleas Court to make a court reporter available in all cases regardless of whether the litigant requesting one has paid the $3 fee created by the state Legislature and the applicable Common Pleas Court rule.

In pertinent part, MCL 728.4; MSA 27.3654, a statute addressed to practice in the Common Pleas Court, provides:

"If either party demands a reporter he shall pay upon demand to the clerk of the court the sum of $3.00 for the reporter. The sum may be taxed as costs."

Similarly, Common Pleas Court Rule 38 provides:

"In all matters where a reporter is used, a fee of Three Dollars ($3.00) shall be paid forthwith to the Court Clerk by the plaintiff or moving party, prior to the trial or the hearing. Said fee may be assessed as costs."

This court rule, which applies generally to all common pleas actions, is similar to one that is addressed solely to the Landlord-Tenant Division:

"In all matters where a reporter is used, a fee of $3.00 shall be paid forthwith by the plaintiff or moving party, prior to the trial or hearing. Said fee may be assessed as costs." Common Pleas Court Rule 46.4(b).

It appears that the only landlord-tenant litigants in this state required to pay a $3 fee for a court reporter are those in the Landlord-Tenant Division of the Detroit Common Pleas Court. Plaintiff argues that this requirement violates equal protection of the laws and that the circuit court did not err in ordering a court reporter to be present at all sessions of the Common Pleas Court, Landlord-Tenant Division, without regard to whether the $3 fee had been paid.

A party attacking a statutory classification on the grounds of equal protection has the heavy burden of demonstrating that the classification lacks reasonable basis. *Detroit Police Officers Ass'n v Detroit,* 385 Mich 519, 522; 190 NW2d 97 (1971). If a reasonable relationship exists between a classification and a legitimate state interest, there is no violation of equal protection. *In re Konke Estate,* 98 Mich App 249; 296 NW2d 226 (1980).

We can think of no valid justification for the distinction between landlord-tenant litigants who must assert and defend their rights in the Detroit Common Pleas Court, Landlord-Tenant Division, and litigants who must proceed in the various district courts of this state to assert and defend the same rights that would permit the instant classification and different treatment with regard to the payment of court reporter fees. As was noted by our Supreme Court in *Fox v Employment Security Comm,* 379 Mich 579, 589; 153 NW2d 644 (1967):

"Legislation which, in carrying out a public purpose for the common good, is limited by reasonable and justifiable differentiation to a distinct type or class of persons is not for that reason unconstitutional because class legislation, if germane to the object of the enactment and made uniform in its operation upon all

persons of the class to which it naturally applies; but if it fails to include and affect alike all persons of the same class, and extends immunities or privileges to one portion and denies them to others of like kind, by unreasonable or arbitrary subclassification, it comes within the constitutional prohibition against class legislation." (Quoting *Haynes v Lapeer Circuit Judge,* 201 Mich 138, 141; 166 NW 938 [1918].)

The dictates of equal protection do not comport with a statutory scheme by which some residents of this state are required to pay a fee for a court reporter while others are not even though their litigation may involve similar legal and factual issues. This classification violates the precept in our constitution that the judicial power of the state is vested exclusively in "one court of justice". Const 1963, art 6, § 1. Litigants in our "one court of justice" cannot be treated differently by the Legislature. Therefore, the statute mandating the payment of a $3 fee for a court reporter in the Detroit Common Pleas Court, MCL 728.4; MSA 27.3654, as well as the attendant Common Pleas Court Rules based upon the statute, CPR 38 and 46.4(b), are unconstitutional. The circuit court did not err in ordering judges of the Detroit Common Pleas Court to provide a court reporter at all judicial proceedings without regard to whether a $3 fee had been paid.

Affirmed.