CHRYSLER CORPORATION v DEPARTMENT OF CIVIL RIGHTS

Docket No. 52291. Submitted June 4, 1981, at Detroit.—Decided June 9, 1982.

An employee of Chrysler Corporation filed a racial discrimination complaint against Chrysler with the Michigan Department of Civil Rights. The department issued a charge against Chrysler based on the complaint and subsequently filed an amended charge seeking $20,000 in damages for emotional distress. Chrysler sought the permission of the department to depose the claimant. The department refused to allow the deposition on the ground that Chrysler intended a discovery deposition, not an evidentiary one, and that the court rules forbid the allowance of discovery depositions. In fact, the court rules had been amended approximately 2-1/2 years earlier to allow the taking of depositions for either discovery or evidentiary purposes or both. The confusion came about as the result of the failure of the department to incorporate the amended court rule into the administrative rule governing depositions. The department, in its ruling not to allow the deposition sought by Chrysler, stated that it had been unaware of the change in the court rule and therefore never intended to incorporate the amended rule and that, in any event, the administrative rules gave the civil rights commission discretion to deny discovery depositions. Chrysler brought suit in Ingham Circuit Court seeking declaratory judg-

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 111 et seq.
   52 Am Jur 2d, Mandamus § 306.
[2, 4, 5] 20 Am Jur 2d, Courts § 117.
[3] 5 Am Jur 2d, Appeal and Error § 772.
   20 Am Jur 2d, Courts § 116.
[6, 7] 2 Am Jur 2d, Administrative Law §§ 465, 598.
   22 Am Jur 2d, Declaratory Judgments § 31.
[8, 9] 2 Am Jur 2d, Administrative Law §§ 463, 465.
   22 Am Jur 2d, Declaratory Judgments § 31.
[10] 2 Am Jur 2d, Administrative Law § 593.
[11] 2 Am Jur 2d, Administrative Law § 656.
[12] 2 Am Jur 2d, Administrative Law §§ 414, 418.
[13] 2 Am Jur 2d, Administrative Law § 277.

ment or, in the alternative, an order for superintending control against the department. The court, Robert Holmes Bell, J., granted summary judgment in favor of plaintiff. An order of superintending control was issued. Defendant appeals. *Held:*

1. The trial judge abused his discretion in ordering superintending control because a declaratory judgment could have been used to adequately safeguard plaintiff's interest. The case is remanded to the circuit court with instructions to end the order of superintending control.

2. The trial court did not err in interpreting the administrative rule to allow depositions for discovery purposes.

F. X. O'Brien, J., concurred with the opinion that the administrative rule on depositions was not ambiguous and that defendant must suffer the consequences of having adopted a court rule which is contrary to the agency's intention and with the conclusion that the order for superintending control must be reversed because another adequate remedy was available to plaintiff. He wrote separately, however, to express his view that plaintiff was never entitled to a declaratory judgment in the circuit court under the terms of the declaratory judgment provision of the Administrative Procedures Act. In the event that an appeal under the provisions of the Michigan Civil Rights Act of the defendant's final decision would not have provided an adequate remedy, the Administrative Procedures Act would have allowed immediate review of the defendant's denial of plaintiff's request for the deposition.

*Reversed and remanded.*

R. M. Maher, J., concurred in part and dissented in part. He concurred with the treatment of the superintending control issue, but dissented as to the construction of the administrative rule on the taking of depositions. He felt that the rule was ambiguous and that the trial court weighed the ambiguity in favor of the plaintiff, contrary to rules of construction applicable in such a case. Furthermore, the plaintiff has no statutory or constitutional right to discovery depositions in administrative hearings since the Administrative Procedures Act provides that an agency may adopt rules allowing for discovery depositions to the extent and in the manner appropriate to its own proceedings. He would reverse and remand with instructions to dismiss.

### Opinion of the Court

1. Mandamus — Superintending Control.

Superintending control, like mandamus, lies to require a magis-

trate to perform a function where the magistrate has a clear legal duty to act.

2. MANDAMUS — SUPERINTENDING CONTROL.

A superintending court neither substitutes its judgment or discretion for that of the magistrate nor does it act directly in the premises; rather, it examines the record made before the magistrate to determine whether there was such an abuse of discretion as would amount to a failure to perform a clear legal duty, and if a failure to perform a clear legal duty is found, the superintending court orders the magistrate to perform his duty.

3. APPEAL — SUPERINTENDING CONTROL.

The grant or denial of an order of superintending control is within the discretion of the trial court and absent an abuse of discretion will not be disturbed by the Court of Appeals.

4. COURTS — CIRCUIT COURTS — SUPERINTENDING CONTROL — ADMINISTRATIVE AGENCIES — COURT RULES.

Superintending control by a circuit court over inferior tribunals is an available remedy only if another plain, speedy and adequate remedy is not available to the party seeking the order (GCR 1963, 711).

5. MANDAMUS — SUPERINTENDING CONTROL.

An order of superintending control does not supersede the use of normal appellate procedure; an order of superintending control should not be issued where an appeal would provide the plaintiff with a plain, speedy, and adequate remedy (GCR 1963, 711.2).

CONCURRENCE BY F. X. O'BRIEN, J.

6. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DECLARATORY JUDGMENTS — AGENCY RULES.

*An original action in circuit court for declaratory judgment to determine the applicability or validity of an administrative rule pursuant to the declaratory judgment provision of the Administrative Procedures Act is conditioned upon (1) the plaintiff requesting a declaratory ruling from the agency and (2) the agency denying the request or failing to act expeditiously on it (MCL 24.264; MSA 3.560[164]).*

7. ADMINISTRATIVE LAW — STATE AGENCIES — DECLARATORY JUDGMENTS — ADMINISTRATIVE PROCEDURES ACT.

*A plaintiff, in order to obtain a declaratory judgment by a circuit court as to the validity of an administrative rule, must first*

exhaust his administrative remedies by seeking a declaratory ruling from the agency involved in the matter (MCL 24.264; MSA 3.560[164]).

8. ADMINISTRATIVE LAW — CIVIL RIGHTS COMMISSION — DECLARATORY JUDGMENTS.

The state civil rights commission is prohibited from issuing a declaratory ruling as to the applicability of a statute, regulation or rule to an actual state of facts once a complaint involving that statute, regulation or rule has been filed with the department of civil rights (1979 AC, R 37.20[2]).

9. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DECLARATORY JUDGMENTS.

The declaratory judgment provisions of the Administrative Procedures Act were not intended as a means of interlocutory review of the interpretation or application of a rule made by an agency during a contested case.

10. ADMINISTRATIVE LAW — CIRCUIT COURTS — APPEAL.

A circuit court may review immediately a preliminary, procedural or intermediate state agency action or ruling if review of the agency's final decision or order would not provide an adequate remedy (MCL 24.301; MSA 3.560[201]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY R. M. MAHER, J.

11. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES.

The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons; although an administrative agency's interpretation of the rules under which it functions is not controlling, that interpretation must be regarded as extremely persuasive.

12. ADMINISTRATIVE LAW — ADMINISTRATIVE HEARINGS — DEPOSITIONS.

There is no statutory or constitutional right to discovery depositions in administrative hearings.

13. ADMINISTRATIVE LAW — ADMINISTRATIVE HEARINGS — DEPOSITIONS.

The Administrative Procedures Act provides that an agency may adopt rules allowing for discovery depositions to the extent and in the manner appropriate to its own proceedings (MCL 24.274; MSA 3.560[174]).

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Ramon M. Alvarez,* Assistants Attorney General, for defendants.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. The present litigation arose out of a complaint filed with defendant Department of Civil Rights in 1976. Eventually plaintiff brought this suit seeking an order for superintending control. The circuit court issued an order of superintending control on June 4, 1980, and defendant appeals as of right.

On March 1, 1976, Ludy Crain filed a charge of unlawful discrimination against plaintiff with defendant. Defendant issued a charge against plaintiff based on this complaint on July 24, 1978, and subsequently filed an amended charge on October 16, 1979, seeking $20,000 in damages for emotional distress.

In the meantime defendant held public hearings in connection with the enactment of a rule concerning depositions in its adjudicatory hearings. Eventually it issued rule 37.15, which was promulgated on October 2, 1979, and which took effect October 17, 1979. The rule states:

"Rule 15. In accordance with the Michigan general court rules, the commission or any member thereof, or the director, on its own motion or on the application of 1 of the parties, may take or cause to be taken depositions of witnesses residing within or without the state." 1979 AC, R 37.15.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Before 1977, GCR 1963, 302.1 read:

"After commencement of an action, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. In all actions pending before any probate court, commissioner of claims appointed by a probate court, arbitrator, referee, circuit court commissioner, justice of the peace, or other court not expressly covered by these rules or before any administrative agency in the exercise of judicial functions, depositions may be taken and used in accordance with these rules for use as evidence only and not for the purposes of discovery and only admissible evidence shall be taken."

However, this court rule was amended effective March 3, 1977. It now states:

".1 When Depositions May Be Taken. After commencement of an action in any court, any party may take the testimony of any person, including a party, by deposition on oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

After receiving the amended complaint, plaintiff issued a notice of deposition. In response, defendant issued a final order stating that pursuant to rule 37.15 it would not allow plaintiff to depose Mr. Crain because plaintiff intended a discovery deposition and not an evidentiary deposition. In its ruling, defendant explained that it had been unaware of the change in GCR 1963, 302.1 and therefore never intended to incorporate the amended rule. Defendant also ruled that, in any event, rule 37.15 gave the commission discretion to deny discovery depositions.

On February 6, 1980, plaintiff brought suit in

Ingham County Circuit Court asking for a declaratory judgment or, in the alternative, an order for superintending control. Both parties soon filed motions for summary judgment. On April 9, 1980, in a hearing before the trial court, plaintiff's motion was granted. An order of superintending control was issued on June 4, 1980, and defendant appeals.

Defendant raises two issues on appeal. First, defendant contends that an order of superintending control should not have been issued inasmuch as the Administrative Procedures Act allows a plaintiff to test administrative rules through a declaratory judgment. MCL 24.264; MSA 3.560(164). This is a case of first impression under the Michigan Administrative Procedures Act.

The general guidelines for an order of superintending control were enunciated in *People v Flint Municipal Judge,* 383 Mich 429, 431; 175 NW2d 750 (1970): "the proper office of superintending control [is to review] the discretion of an examining magistrate. * * * Superintending control, like mandamus, lies to require the magistrate to perform a function where the magistrate has a clear legal duty to act." This order may be used to review administrative procedures. *Gerber Products Co v Anderson, Clayton & Co,* 76 Mich App 410; 256 NW2d 754 (1977). However:

"The superintending court does not substitute its judgment or discretion for that of the magistrate; neither does it act directly in the premises. Rather it examines the record made before the magistrate to determine whether there was such an abuse of discretion as would amount to a failure to perform a clear legal duty; and in such case, the superintending court orders the magistrate to perform his duty." *People v Flint Municipal Judge, supra,* 432.

Basically the grant or denial of such an order is within the discretion of the trial court and the Court of Appeals on review will disturb it only if there is an abuse of discretion. *Attorney General v Recorders Court Judge,* 92 Mich App 42; 285 NW2d 53 (1979).

However, the order of superintending control is governed by GCR 1963, 711:

".2 Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed.

\* \* \*

".4 Jurisdiction.

\* \* \*

"(b) When an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

In other words, the circuit court properly exercises superintending control over inferior tribunals only if another plain, speedy, and adequate remedy is not available. *Farmers State Bank of Concord v Dep't of Commerce, Financial Institutions Bureau,* 77 Mich App 313; 258 NW2d 496 (1977). However, superintending control does not supersede the use of normal appellate procedure when such an appeal would be available and adequate for that purpose. *Radke v Employment Security Comm,* 37 Mich App 104; 194 NW2d 395 (1971).

In this case, in our opinion, the trial judge abused his discretion in ordering superintending control because a declaratory judgment could have been used to adequately safeguard plaintiff's interests. Yet, in so ruling, we express no disagreement

with *Chrysler Corp v Civil Rights Comm,* 68 Mich App 283, 289; 242 NW2d 556 (1976):

"We do not read GCR 1963, 711.2 as requiring a judicial 'hands off' policy towards an administrative tribunal acting without authority. * * * It only requires consideration of other avenues of review open to the party requesting an order of superintending control."

*Chrysler* is distinguishable from the present case because it did not present the issue of a declaratory judgment. Instead the Court ruled that the Civil Rights Commission had erred in ruling on the preliminary question of its power to act upon complaints filed under the 90-day limitation period. Because this ruling came two-and-one-half years after plaintiff had raised the question by its motion to dismiss, the normal review processes were inadequate. On the other hand, in the present case, plaintiff brought the suit for an order of superintending control as an alternative to an order for a declaratory judgment. Such an order would have been just as quick as an order for superintending control.

Defendant cites *Cahill v 15th Dist Judge,* 393 Mich 137; 224 NW2d 24 (1974), in support of its position. However, *Cahill* is distinguishable because there the plaintiff had alleged that he properly represented a class of similarly situated persons. Therefore the Supreme Court allowed superintending control because he was challenging general practices and was claiming for a class of persons. Recently, a case closer to plaintiff's position was decided. In *In re Smith,* 106 Mich App 621; 308 NW2d 586 (1981), this Court ruled that an order of superintending control did properly issue where the defendant had been improperly denied a court reporter even when demanded.

Even though the plaintiffs did not allege a general practice or a class action, it was noted that the courts would be burdened by requiring each victimized plaintiff to appeal his own case (especially where such a clear right is involved). However, in this case, the right is not so clear (as will be developed later in this opinion) and plaintiff has an additional remedy unavailable to the litigants in either *Smith* or *Cahill:* the declaratory judgment provision of the Administrative Procedures Act. Through this provision, plaintiff can just as easily bind defendant in not only the Ludy Crain matter but also in future matters (in fact, for other similarly situated litigants as well); thus the courts are just as easily relieved of the time-wasting case-by-case appeal process rejected in *Smith.*

Therefore, we remand this case back to the circuit court with instructions to end the order of superintending control. Since the question of the regulation's interpretation will be raised again on remand, it is necessary to address it at this time.

We have concluded that the trial court did not err in its interpretation of rule 37.15. In our view, full discovery is a benefit to the truth-seeking function of any tribunal. Consequently, we believe that any administrative rule which seeks to restrict discovery should be critically examined.

In this case, the applicable rule, 37.15, merely states that depositions may be granted. The rule does not distinguish evidentiary and discovery depositions. As such, we feel that under rule 37.15 a litigant has a right to expect serious consideration by the Michigan Civil Rights Commission of whether discovery depositions are really needed in the cause. Where a rule authorizes the commission to exercise its discretion, it is not enough for it to say that the commission always exercises its dis-

cretion to prohibit the action in issue. Compare, *Cleveland-Cliffs Iron Co v First State Ins Co,* 105 Mich App 487, 497; 307 NW2d 78 (1981), *Croda v Sarnacki,* 106 Mich App 51; 307 NW2d 728 (1981) (BRONSON, J., *dissenting).*

We agree with Judge MAHER that, where an ambiguity appears in an administrative rule, the agency's interpretation is extremely persuasive. However, we find no ambiguity in rule 37.15. We acknowledge that GCR 1963, 302.1 was amended in 1977 and that this change in the rules was supposedly unknown by the commission before it promulgated rule 37.15. However, since rule 37.15 actually took effect in October, 1979, some two-and-one-half years after the relevant amendment to GCR 1963, 302.1, we cannot accept defendant's argument that the commission never really intended to allow discovery depositions. We see only inherent unfairness to the litigant who relies on the literal language of an administrative rule when the agency which has promulgated that rule subsequently attempts to rewrite it under the guise of "interpretation" because it was negligent in enacting a rule which really did not embody its desires in the first place. In such situations, the administrative agency, not the litigant, should suffer the consequences of its negligence.

Reversed and remanded for further proceedings in accordance with this opinion. We retain no jurisdiction. No costs, neither party having prevailed in full.

F. X. O'BRIEN, J. *(concurring).* I agree that 1979 AC, R 37.15 is not ambiguous and that the defendant must suffer the consequences of having incorporated a general court rule which is contrary to the agency's intention. On this issue, I adopt both

the rationale and conclusion of the per curiam opinion.

I concur in the conclusion that the order for superintending control must be reversed because another adequate remedy was available to the plaintiff. GCR 1963, 711.2. I disagree with the conclusion that declaratory judgment pursuant to MCL 24.264; MSA 3.560(164) was that remedy.

An original action in circuit court for declaratory judgment to determine the applicability or validity of an administrative rule pursuant to MCL 24.264; MSA 3.560(164) is conditioned upon (1) the plaintiff requesting a declaratory ruling from the agency and (2) the agency denying the request or failing to 'act expeditiously on it. Assuming that plaintiff's notice of deposition was equivalent to a request for a declaratory ruling, defendant did not deny the request or otherwise fail to act on it. Defendant specifically found that 1979 AC, R 37.15 did not encompass discovery depositions. The fact that the agency responded precluded satisfaction of the second statutory condition necessary to maintain an action for declaratory judgment pursuant to § 64 of the Administrative Procedures Act. See *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172, 204, fn 5; 261 NW2d 718 (1978) (separate opinion by LEVIN, J.), *City of Warren v State Construction Code Comm,* 66 Mich App 493, 497; 239 NW2d 640 (1976).

To obtain a declaratory judgment pursuant to § 64, the plaintiff must exhaust his administrative remedies by first seeking a declaratory ruling from the agency. That declaratory ruling was originally devised to provide a means of testing the applicability of a rule before a person became involved in a dispute with an administrative agency, that is,

apart from a contested case. See 1 Cooper, Administrative Law (1965), p 240. To implement the request for a declaratory ruling, separate rules were mandated and promulgated. MCL 24.263; MSA 3.560(163); 1979 AC, R 37.20. Rule 37.20(2) prohibits the issuance of a declaratory ruling once a complaint has been filed, as in the instant case. Finally, § 63 specifically provides for judicial review of a declaratory ruling in the same manner as an agency's final decision or order in a contested case.

The purpose and express terms of §§ 63 and 64 convince me that the declaratory judgment provisions of the Administrative Procedures Act were not intended as a means of interlocutory review of the interpretation or application of a rule made by an agency during a contested case. This does not mean that the plaintiff is wholly without recourse to the court until the completion of the case. In those limited instances in which appeal of the agency's final decision pursuant to MCL 37.2606; MSA 3.548(606) would not provide an adequate remedy, the Administrative Procedures Act affords the means of seeking immediate review.

"A preliminary, procedural or intermediate agency action or ruling is not immediately reviewable, except that the court may grant leave for review of such action if review of the agency's final decision or order would not provide an adequate remedy." MCL 24.301; MSA 3.560(201).

R. M. MAHER, J. *(concurring in part; dissenting in part).* I concur in the majority's treatment of the superintending control issue. However, I respectfully dissent as to the appropriate construction of rule 37.15.

In ruling that rule 37.15 gave plaintiff the right
to a discovery deposition, the trial judge weighed
the ambiguity in plaintiff's favor. This approach is
not the law. In *Boyer-Campbell Co v Fry,* 271 Mich
282, 296; 260 NW 165 (1935), the Court quoted
*United States v Moore,* 95 US 760, 763; 24 L Ed
588, 589 (1877): "[T]he construction given to a
statute by those charged with the duty of execut-
ing it is always entitled to the most respectful
consideration and ought not to be overruled with-
out cogent reasons." Furthermore, although an
administrative agency's interpretation is not con-
trolling, it must be regarded as extremely persua-
sive. *Artman v College Heights Mobile Park, Inc,*
20 Mich App 193; 173 NW2d 833 (1969).

Plaintiff cites *Gregory Boat Co v Detroit,* 37
Mich App 673; 195 NW2d 290 (1972), and *Rand v
Civil Service Comm,* 71 Mich App 581; 248 NW2d
624 (1976), in support of the trial judge's ruling. In
*Gregory Boat,* the Court states that, if a rule's
language is clear and unambiguous, reviewing
courts will not go beyond its language. However, I
find rule 37.15 somewhat ambiguous. The first
clause, "in accordance with the Michigan general
court rules", does not clearly state to what it
refers. Furthermore, it does not specify the extent
of the agency's discretion. The rule could be inter-
preted to vest complete discretion in the commis-
sion, or it could be interpreted just as easily to
require the commission to give up its discretion
and deny discovery depositions only where a cir-
cuit court judge would deny them. Therefore,
*Gregory Boat* is inapplicable. *Rand* is also inappo-
site inasmuch as the *Rand* Court stated only that
if an agency should depart from established proce-
dure or rules, it must have sufficient evidence to
support such a departure. However, the commis-

sion's established procedure has been the routine denial of discovery depositions, as it has done in the instant case.

Overall, plaintiff has no constitutional right to discovery. *In the Matter of Del Rio,* 400 Mich 665; 256 NW2d 727 (1977). In fact, it has no statutory right to discovery depositions in administrative hearings because the APA (MCL 24.274; MSA 3.560[174]) provides that an agency may adopt rules allowing for discovery depositions to the extent and in the manner appropriate to its own proceedings. Plaintiff's appearance before this Court is due to the ambiguity of rule 37.15, and the circuit court did not take the proper approach in interpreting this rule. Therefore, since defendant's interpretation of rule 37.15 is in accord with its previous practice, and since the rule's history makes it clear that defendant intended at least to retain discretionary power over allowing depositions, defendant's interpretation of the rule should have been accepted. I would reverse and remand with instructions to dismiss.